## FARR *v.* FULLER.

It is perfectly competent for the district court, to order a new trial, when satisfied that an error has been committed, to the prejudice of either party, whether exceptions were taken to the action of the court at the time, or not.

The correctness of instructions, in most, if not in all cases, depends upon the facts or circumstances developed upon the trial; and where their applicability or irrelevancy is not shown, by a bill of exceptions, embodying sufficient of the testimony, the appellate court cannot determine upon their correctness, nor determine whether the court erred in granting a new trial, on the ground that they were erroneous.

*Appeal from the Polk District Court.*

FRIDAY, APRIL 15.

TRESPASS. Trial and verdict for defendant. Motion for a new trial sustained, and defendant appeals. The other material facts sufficiently appear in the opinion.

*Cassaday & Crocker*, for the appellants.

*S. Sibley*, for the appellee.

WRIGHT, C. J.—The record shows that the new trial was granted, "for the reason that the instructions to the jury were, and are, erroneous." These instructions were asked by the defendant and given, and are all embodied in the bill of exceptions. It does not appear that plaintiff made any ob-

jections to said instructions, at the time they were given ; and the defendant now insists that it was too late to do so, after the rendition of the verdict.    To sustain this position, we are referred to the rule recognized by this court, in *Rawlins* v. *Tucker*, 3 Iowa, 213, and other cases, to the effect that a party will not be allowed to assign error upon instructions to which he made no objections at the time they were given.    This case does not come within the rule referred to, for the reason that the court below has, by granting a new trial, admitted the error in giving the instructions, and taken steps, at the earliest possible moment, to correct the same.    It was perfectly competent for the district court, upon its attention being called to the motion, to order a new trial, when satisfied that an error had been committed to the prejudice of the plaintiff, whether exceptions were taken to the action of the court at the time, or not.    While we would not have interfered, if the motion had been overruled, neither will we when granted.

The appellant claims, however, that the instructions were correct, and upon this position he mainly relies to reverse the cause.    It seems that defendant relied for his defense upon the fact, that the house, or shanty, (the subject of the trespass), was built by himself—was not attached to the land —was not a fixture ; and that he, therefore, had a right to remove, doing no injury to the land of plaintiff.    This appears more from the instructions asked by defendant, than from anything else, for no part of the testimony is before us, nor any of the other instructions, if any others were given.

The correctness of instructions, in most, if not all cases, depend upon the facts or circumstances developed upon the trial.    It is frequently as injurious to a party to give an instruction abstractly correct, but which is inapplicable to the case on trial, as to give one ever so erroneous.    To give a correct instruction upon a point, as to which there is no testimony, is frequently calculated to confuse or mislead a jury, and may be the means of as positive injury and preju-

dice, as if the law had been entirely misstated. And upon the same principle it is, that we frequently are unable to determine whether there was, or was not, error in refusing an instruction, where its applicability is not shown by proper bill of exceptions, embodying sufficient of the testimony.

In this case, the new trial was granted, for the reason that the instructions were erroneous. By this we understand, not alone necessarily, that as abstract propositions they were erroneous, but erroneous under the circumstances of the case. Without something more than appears from this record, we cannot say that there was error in this conclusion. We can well conceive of a state of a case, in which it would have been entirely proper to have refused the instructions, when asked; and if so, then that same state of case would justify the granting a new trial, after they were erroneously given.

State the argument thus: Suppose that the error complained of was in refusing these instructions. It is manifest that we could not say that they should have been given, for the reason that there is nothing to show their applicability. They have been given, however, and the court below has granted a new trial, for the reason that they should have been refused, or that in giving them, there was error. It seems to us equally manifest, that we cannot say that the motion was improperly sustained.

Judgment affirmed.