## CAFFREY v. GROOME.

1. ORDER GRANTING A NEW TRIAL. The Supreme Court will not interfere with the exercise of discretion by the District Court in granting a new trial, unless it is made to appear that such discretion has been abused to the injury of the appellant.

2. SAME. An order granting a new trial, on the ground that the verdict was against the instructions of the court, will not be disturbed when the instructions are not in the record brought to this court.

3. VERDICT AGAINST EVIDENCE. That the verdict is against the instructions of the court is a good cause for a new trial, even when the law was erroneously given to the jury.

*Appeal from Marion District Court.*

SATURDAY, OCTOBER 6.

THE plaintiff brought an action against the defendant, Groome, for damages sustained by plaintiff for the seduction of his daughter by said defendant. Trial by jury, and verdict for the plaintiff for $1,000. The defendant moved the court to grant a new trial, on the ground that the verdict was against the weight of the evidence, and against the instructions of the court. This motion was sustained and the plaintiff appeals.

*J. E. Neal* for the appellant

Caffrey v. Groome.

*Seevers, Williams & Seevers* for the appellee, as to the exercise of the discretion of the District Court in granting new trials, cited *Ruble* v. *McDonald*, 7 Iowa 90; *Hendricks & Cooper* v. *Wallis*, Ib. 224; *Finley* v. *David*, Ib. 3; *Briggs & Sawyer* v. *Hartman, ante.*

BALDWIN, J.—The plaintiff appeals from the order of the District Court, sustaining defendant's motion for a new trial.

The questions presented by the assignment of errors, so far as they relate to the powers and duties of the District Court in granting or refusing a new trial, and under what circumstances an appellate court will interfere with this discretionary power when exercised, have been so fully settled by the decisions of this court, that we need but to refer to some of them as decisive of this case. Palpable injustice must be made to appear, or the action of the court below will be sustained. 7 Iowa 232; 6 Ib. 553. The error in the action of the court below in granting a new trial must be made to appear affirmatively. 7 Iowa 3. To justify the interposition of the Supreme Court where a new trial has been granted, a stronger case should be made than when the application has been overruled. 7 Iowa 90.

It is competent for the District Court to grant a new trial for error in the instructions, and the Supreme Court will not interfere with such action of the District Court. *Farr* v. *Fuller*, 8 Iowa 347. In the case of *Biggs & Sawyer* v. *Hartman, ante,* upon an appeal from an order granting a new trial, the court in their opinion, say: "But as clear as the facts may appear to us, we can not reverse the order granting a new trial, for the reason that none of the instructions are given whilst the motion is based partly on these, and the court may have granted it for some supposed error in them."

The motion of defendant for a new trial in this cause, is based upon various grounds, one of which is, that the verdict of the jury was against the evidence, and the law as

given to them by the court. What the law thus given was does not appear. The verdict of the jury may have been contrary to the instructions of the court. If so, a new trial should have been granted. It is the duty of a jury to regard the law as laid down by the court, even if it is incorrect. It is not its province to pass upon questions of law. The party aggrieved has his remedy by excepting to such instructions.

It is claimed by the appellant that the court erred in granting a new trial upon the fourth cause assigned by the defendant in his motion, which is, " that the evidence clearly showed that Catherine Caffrey (for whose seduction plaintiff sues) was over the age of eighteen years, and not in the service of plaintiff at the time of the alleged seduction;" and this assignment is argued by the appellant's attorney as though the court had granted the new trial upon this ground alone. It does not appear upon what basis the court placed its decision in granting a new trial.

We do not think it proper at this time to pass upon the right of the father to recover damages for the seduction of his daughter, when over the age of eighteen years. This question was not passed upon in the court below in such a manner as that it can be reviewed in this court. The order granting a new trial is affirmed.