## HISKEY v. WILLIAMS ET AL. .

1. **Principal and Agent**: FRAUD OF AGENT. Where one, with full knowledge of the agency, deals with the agent as principal, he must bear whatever loss results from such dealing.

2. ———: ———: RULE APPLIED. W. negotiated with G. as the agent of H., for the purchase of land belonging to the latter and ascertained the terms of sale. Subsequently G. procured a deed to himself, executing a mortgage upon the land to secure payment. Afterwards W. accepted the offer originally made and received a deed from G. in his own name, and executed a mortgage to G., G's mortgage to H. being of record at the time: *Held* that the assignee of G. could maintain an action to foreclose the mortgage of W., notwithstanding the existence of the former mortgage.

*Appeal from Dallas District Court.*

FRIDAY, JUNE 11.

ACTION upon a note dated May 20, 1868, executed by F. S. Graham, as follows: "Ten years after date I promise to pay Daniel Hiskey, or order, fifteen hundred dollars, for value received, with interest at the rate of ten per cent per annum, from date until paid. The interest to be paid annually in advance. If interest is not paid, principal and interest to become due, and mortgage to be foreclosed for collection of same."

The petition also asks the foreclosure of a mortgage executed upon certain described real estate for the security of said note.

The defendants all made default except Elizabeth Williams. She answered alleging that, through her husband Ephraim Williams, she purchased the land in controversy from plaintiff's agent, F. S. Graham, and executed to him a note for $1,500, secured by mortgage upon the premises, which said note and mortgage are outstanding in the hands of one Shively. She alleges that she is the absolute owner of the land in petition described, and asks that her title thereto may be quieted.

The court rendered judgment against the defendant, Graham, for the amount of the note sued on, and dismissed the

plaintiff's petition, so far as it asks a foreclosure of the mortgage named. The plaintiff appeals. ·

*Barcroft & Given* with *D. W. Woodin,* for appellant.

*Willard & Callvert,* for appellee.

DAY, J.—The material facts are as follows: On the 20th of May, 1868, in Adel, Dallas county, plaintiff constituted F. S. Graham his agent for the sale of the land in controversy, for the sum of fifteen hundred dollars, with interest at the rate of ten per cent, payable annually in advance.

On the day following Ephraim Williams, husband of the defendant, learned from Graham that the land was for sale, and upon what terms, and told Graham he would take it if it suited his wife. At this time he examined the records, and found the title unincumbered.

On the 22d of May, Hiskey, from his home in Monroe, Jasper county, wrote to Graham, to take the land out of market if not sold by the next Tuesday. Accompanying this letter he sent a deed for the land in controversy, filled up except as to the grantee's name.

On the 27th day of May, F. S. Graham filled up this deed to himself, and executed to plaintiff the note and mortgage sued on. This deed and mortgage were recorded on the day of their execution. In reply to plaintiff's letter of 22d May, Graham wrote that he had sold the land to other parties, and that the payments were coming through him, and the deed should be given to him. He also sent the note and mortgage in question, which plaintiff received about the first of June.

Some time after the first interview, but whether before or after the 27th of May, the evidence does not clearly show, Ephraim Williams again called upon Graham, and told him he would take the land.

On the 9th of June following the purchase was completed. On that day F. S. Graham and wife conveyed to Elizabeth Williams the land in controversy, and she and her husband executed to Graham their note for $1,500, due in ten years with interest payable annually in advance; and for the first

year's interest they executed a note of $150. They secured both notes by a mortgage upon the lands in controversy.

On the 3d of August, 1868, Graham transferred as collateral security to one Shively the note executed by Williams and wife, and in October following he failed in business, and he has ever since been insolvent.

It is evident that if any loss is sustained, it must be because the note executed to Graham has gone into the hands of an innocent holder. It was the negligence of the defendant Williams, which made such a result possible.

The defendant claims that Graham, during the whole negotiation, represented himself as the agent of Hiskey. Being advised of this fact, the exercise of common prudence required that defendant should deal with him as agent. If this had been done, and the note and mortgage had been executed to the principal it would not have been in the power of the agent to defraud her. Instead, however, of doing this, knowing, as she claims, that Graham was a mere agent, she dealt with him throughout, in form, as if he were the principal.

She accepted from him a deed for the premises, and executed to him notes and a mortgage, which make no reference to his representative capacity. If, when she was advised the title was coming through Graham, she had taken the precaution to examine the records, she would have been protected from loss, for the mortgage sued on was recorded two weeks before the purchase was completed.

Graham, at the time of the sale to defendant, was the agent of plaintiff, or he was not. If he was not such agent, defendant has no ground of complaint. If he was such agent, she should have dealt with him as such. We accept as correct the law announced by appellee's counsel that, "where one of two innocent parties must suffer, from the fraudulent acts of a third party, he who enables such third party to commit the fraud, must suffer." But we are satisfied that if any loss results in this case, it is in consequence of the careless manner in which the defendant dealt with Graham.

Having dealt with Graham as a principal, she must bear whatever loss is occasioned by his assuming the character of

a principal.    The court therefore erred in dismissing plaintiff's petition for foreclosure.

As the abstract was not prepared as required by the rules, costs will be taxed for only fifteen pages of it.

REVERSED.