## BOYER v. RILEY.

**Instruction:** NEW TRIAL. The jury is bound to regard the instructions of the court, even if they are erroneous; and where a verdict has been returned which conflicts with the law as given by the court, the Supreme Court will affirm the order granting a new trial, without reviewing the instructions. (*Savery v. Busick*, 11 Iowa, 487.)

*Appeal from Jefferson District Court.*

TUESDAY, JUNE 15.

PLAINTIFF claims $2530.00 on account of labor performed on the farm of defendant, at defendant's request, continuously from the year 1853 to the year 1868. The answer denies all the allegations of the petition. There was a jury trial, and a verdict for plaintiff for $150.00. The defendant filed a motion to set aside the verdict and for a new trial, because

1. The verdict is not sustained by sufficient evidence.

2. The verdict is contrary to the law given the jury by the court.

The court overruled the motion upon the first ground, and sustained it as to the second ground. Plaintiff appeals.

*Stubbs & Leggett*, for appellant.

*McCoid & Herron* and *Slagle & Acheson*, for appellee.

DAY, J.—The abstract recites that upon the trial evidence was introduced tending to prove that when plaintiff was five or six years old, he was placed with defendant by a friend who had no legal control or charge of him.  Defendant agreed to bring up plaintiff and educate and clothe him, and when he was of age give him $100 or a horse and saddle.

Plaintiff remained with defendant as a member of his family, receiving nurture and care, and when he became of sufficient age performed service and labor for defendant continuously on his farm, and made his house his home, until December 1868, when he was within a few months of the age of 21 years.  He then left defendant's house and ceased to work for him, and received neither horse and saddle nor $100 nor anything in lieu thereof, or for his services, which had been of value to defendant.  It did not appear that the parties are related to each other.

The court, amongst other instructions, gave the following:

"4.   Usually, when one person performs services or labor for another, which is of value, the law implies a promise or legal obligation on the part of the person receiving the services to pay what such services are reasonably worth.   Yet this is not always the case.   When, from the circumstances and situation of the parties, it could not reasonably be expected that either party could suppose or apprehend there was anything to be paid or received, and did not so understand at the time, then the law does not imply any legal obligation to pay."

"5.   If you find from the evidence that defendant at the request of a friend of the plaintiff, when the plaintiff was a child of five or six years old, took him into his family and nurtured and cared for him when he was too young to provide for himself, and he remained there as a member of the family of defendant, and when he became of sufficient age performed service and labor for defendant, and continued to receive his board and clothes, and continued to make the defendant's

house his home, then, for the time being, the legal obligations existing between the parties were the same that it would be between parent and child, and the law will imply no legal obligation on the part of defendant to pay him for his services, nor could defendant maintain any action against the plaintiff for his board or clothes, or care in rearing him and providing for him a home."

"6. If it was agreed between the person placing plaintiff with defendant and the defendant, that plaintiff should remain with defendant till he was of age, and then should receive from defendant a horse or $100, and plaintiff, after he arrived at the years of discretion, understood what the arrangement was under which he was left with defendant, and by reason thereof that was his home for many years, and it was with this understanding that he remained with defendant and made his house his home, and performed the services he did, then while neither the original agreement or the understanding of plaintiff would be binding upon him when a minor, and he would not be compelled to remain with defendant and work for him, and he had the legal right to leave and choose his own guardian at any time after he was fourteen years of age, yet upon his leaving voluntarily, before he bacame of age, the law would imply no legal obligation on the part of defendant to pay him for his services."

To each of the instructions given plaintiff excepted.

The abstract does not set out the evidence, but merely states what the evidence tended to prove. Appellant in his argument claims that the court, in sustaining the second cause of defendant's motion, held the law to be as laid down in the sixth paragraph of the charge; and he insists that this portion of the charge is erroneous. We have no means of determining, however, what portion of the charge, the court held had been disregarded. For aught that appears, he may have set the verdict aside, because in conflict with the fourth and fifth paragraphs of the charge, against which appellant urges no objection. A party who complains of error, must make it to appear affirmatively. And if it should be conceded that the court set the verdict aside because in conflict with the sixth

instruction, this court would not disturb the ruling. It is the duty of the jury to regard the law as laid down by the court, even if it is incorrect. *Caffrey v. Groome*, 10 Iowa, 548. Where a verdict has been returned which is contrary to the instructions given, and a new trial has been granted upon that ground, this court will affirm the order without reviewing the instructions. *Savery v. Busick*, 11 Iowa, 487; *Farley, Norris & Co. v. Budd*, 14 Iowa, 289.

The court did not err in sustaining the motion for a new trial. We do not determine as to the correctness of the sixth instruction.

AFFIRMED.