## FURMAN v. THE C., R. I. & P. R. Co.

1. **Railroads**: ATTACHMENT: AGENCY: INSTRUCTIONS. Where household goods belonging to the wife were delivered to a railroad company for shipment by the husband, and were attached while in the defendant's depot, in a suit against the husband, and notice thereof was duly given to him while so acting as the agent of his wife, and in time to assert a right to the goods; *held*, that the law would recognize the husband as the wife's agent in transactions relating to the removal of their household goods; that she could not recover for failure to deliver the goods; and that the verdict was so in conflict with the instructions and the testimony it should have been set aside.

2. **Instructions**: PRACTICE. Where there was no evidence whatever, tending to show collusion, an instruction directing the jury to inquire whether the goods were seized by collusion on the part of the defendants was erroneous.

### *Appeal from Muscatine District Court.*

### SATURDAY, OCTOBER 22.

ACTION to recover the value of certain household goods delivered to defendant at Chicago for transportation to Atchison, Kansas, which defendant has failed to deliver to plaintiff, the consignee. There was a verdict and judgment for plaintiff; defendant appeals.

*J. Carskaddan*, for appellant.

*Brannon & Jayne* and *Hoffman, Picker & Brown*, for appellee.

BECK, J.—I. The petition alleges that the goods in question were delivered by plaintiff to defendant for transportation under a contract obligating defendant to deliver them to plaintiff at Atchison, Kansas, and that defendant has failed to deliver the goods which have been lost to plaintiff. The answer admits the receipt of the goods and alleges that they were seized while in defendant's depot at Chicago, upon an attachment issued in an action against George M. Furman, the husband of plaintiff, and subsequently sold upon legal process, of which plaintiff had full notice long prior to the sale. It is also alleged that in truth the goods were the property of plaintiff's husband.

II. At the trial, after the parties had introduced evidence upon the issues raised by the pleading, the court gave the jury the following instructions:

" 5. It is in effect conceded that the goods were taken from the defendant by an officer of the law, under and by virtue of a writ of attachment against the husband of the plaintiff, substantially as alleged in the answer. If this was done without collusion of the defendant, it was not incumbent on the defendant to resist the officer, although the attachment was not against the shipper and consignee of the goods, or to contest the claim of the plaintiff to the goods in that suit, or in any other way. But in such case the defendant, to relieve itself from liability, must, if the goods belonged to the plaintiff, show that she, plaintiff, had actually had knowledge of the taking of the goods as aforesaid, and in time to have properly asserted her right thereto, or that the defendant gave her immediate notice thereof after the seizure."

1. RAILROADS: attachment: agency: instruction.

"6. This knowledge or notice may be shown by evidence either direct or circumstantial, and may be had by or given to

the plaintiff directly or through any authorized agent, but the agent in such case must be an agent in reference to the matters or things in controversy."

The following instructions were given by request of the defendant:

"1. If you find from the evidence that the husband of the plaintiff was her agent in regard to the shipment and control of the goods in controversy, then any knowledge or notice respecting the attachment of the goods in Chicago, which was given to or received by the husband, was, in the eye of the law, given to the plaintiff, and the legal effect of such knowledge or notice is the same as though the plaintiff had received it in person.

"2. The fact that one person is the authorized agent of another, may be implied or inferred from the relation of the parties, and the nature and character of the business or transaction in regard to which such agency is claimed, or the question about such agency arises. And such agency may be presumed from the prior acts of the agent in reference to the particular business in question, if such prior acts of the agent have been acquiesced in and ratified by the principal.

"3. If you find that the husband of the plaintiff was her agent in regard to the household goods in controversy, as for the purpose of shipping the same by defendant's railway, and receiving receipt therefor, then the defendant had a right to presume that he continued to be her agent in regard to said goods, unless notified that such agency had ceased."

Without inquiring as to the correctness of these instructions we must regard them as the law of the case, and if it be found that the verdict is in conflict therewith the judgment must be reversed. *Peterson v. Ochs et al.*, 40 Iowa, 501; *Boyer v. Riley*, 41 Iowa, 13.

The evidence shows without conflict that plaintiff's husband acted for her in delivering the goods to defendant, and that the shipping receipt was delivered to him. Indeed it seems that

he had full authority from plaintiff to deliver the goods to defendant and contract for their transportation to Atchison. After the delivery of the goods the husband determined to make his home in Muscatine instead of Atchison and so advised the plaintiff who joined him at the latter place. Prior to her arrival and after the purpose upon the part of both had been formed to establish themselves at Muscatine the husband applied to the defendant to have the goods transported from Atchison to Muscatine, and was then informed that they had been seized in Chicago. The law will surely recognize the husband as the wife's agent in transactions relating to the removal of their household furniture, the title whereof is in the wife. Nor can we doubt that the husband's agency for the shipment of the goods in this case extended to authorize him to change their destination. It is therefore made to appear that the husband obtained notice of the seizure of the goods while acting as an agent of plaintiff. It is shown without conflict that he endeavored to release the goods from seizure, and employed an attorney to take steps in that direction, and to contest the action in which the attachment was issued. The plaintiff or her husband, after they had notice of the attachment, had ample time to assert plaintiff's right to the goods.

We are clearly of the opinion that under the instructions the jury should have found for the defendant, and that their verdict is so in conflict with the testimony that under the familiar rules relating thereto it ought to have been set aside by the court below. The court therefore erroneously overruled the motion for a new trial based upon this ground.

III. The fifth instruction in effect directs the jury to inquire if the goods were seized by collusion upon the part of defendant. This clause of the instruction is erroneous and ought not to have been given for the reason that there was no evidence whatever tending to show collusion or fraud on the part of the defendant.

2. INSTRUCTIONS : practice.

For the errors pointed out the judgment of the District Court must be                                                          REVERSED.