FURMAN v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Husband and Wife:** PRESUMPTION OF HUSBAND'S AUTHORITY IN SHIPMENT OF WIFE'S HOUSEHOLD GOODS. Where the household goods were owned by the wife, and were shipped in her name over defendant's road to the city of A., and the husband presented to the defendant's agent at the city of M. the bill of lading, and requested that the goods be reshipped to the city of M., *held* that the defendant had the right to presume that the husband was acting as the wife's agent, and its duty to notify the wife that the goods had been attached was discharged by then giving such notice to the husband. (See S. C., 57 Iowa, 42, and 62 Id., 395.)

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 21.

ACTION to recover the value of certain household goods. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff for $1,700. The defendant appeals.

*J. Carskaddan,* for appellant.

*Brannan, Jayne & Hoffman,* for appellee.

ADAMS, J.—This case is before us upon a third appeal. The first decision is reported in 57 Iowa, 42, and the second in 62 Iowa, 395. It is not necessary that we should again make a detailed statement of the facts. They appear now to be substantially the same as before, except that before the testimony of the plaintiff's husband showed that he acted for the plaintiff in delivering the goods to the defendant as a common carrier. That evidence has now been excluded upon the plaintiff's objection. It does not now appear who acted for the plaintiff in making a delivery of the goods, except that he was a man by the name of Furman.

It was said by DAY, CH. J., in this case: "It became a most material question whether the plaintiff's husband, as to

matters pertaining to the shipping and caring for goods, was her agent, so that notice to her husband was notice to her." In the present aspect of the case, the material question definitely stated is, was the plaintiff's husband apparently clothed with authority to receive the goods from the defendant at Muscatine? It is undisputed that he inquired for the goods there with the shipping receipt in his hand. The defendant contends that the plaintiff's husband was apparently clothed with authority to receive the goods, and, if so, that a statement made to him of the reason why the defendant could not deliver the goods was, in effect, a statement made to her, and that accordingly she had notice in time to protect her goods.

The defendant asked an instruction in these words: "If it appears from the evidence that George M. Furman, the husband of the plaintiff, had the railroad receipt or bill of lading, on which plaintiff brings this suit, in his possession at Muscatine, and exhibited it to the agent of the railroad company at Muscatine, and requested that the goods therein named should be reshipped from Atchison to Muscatine, then the railroad company had the right to presume, and act and rely on the presumption, that George M. Furman was the duly authorized agent of the plaintiff in regard to the shipment and control of the goods in controversy." The court gave the instruction, but gave it with the very important modification that it should appear that Furman held the receipt with the authority or knowledge of the plaintiff. In our opinion, the defendant was entitled to have the instruction given without the modification.

This property, being household property, was for the joint use of husband and wife. It is such property as the husband manages more or less all the world over, so far as the use is concerned. In matters pertaining to a removal of the family, and the shipment of the household property by a common carrier, and receipt of the same, it is the husband, and not the wife, who is expected ordinarily to attend to the business. Now, when he appears and presents the shipping

Furman v. The Chicago, Rock Island & Pacific R'y Co.

receipt to the carrier for the purpose of obtaining a delivery of the property to him, we think that the carrier is justified in assuming that he has a right to receive it. It would be a sad commentary on the marital relation if the husband's authority could not be presumed to that extent. What is more, if we should rule to the contrary, and the ruling should be observed in transactions of this character, it would impose an intolerable burden upon them. If a wife needs to protect herself against the reception by her husband of the common household property in the hands of a carrier, she can easily do so. She can, if she chooses, keep the shipping receipt in her possession. If she allows it to be where her husband can take it, and use it in getting the goods, as husbands ordinarily might be expected to do, we do not think that she could properly complain if the goods should be delivered upon the receipt. Now, while the case before us is not one of delivery, the question involved is precisely the same. Furman appeared and presented the receipt for the purpose of obtaining a shipment of the goods from Atchison to Muscatine, and a delivery of them there. We think that he was apparently authorized to control the delivery of the goods. By the notice he was apprised of what had been done with them, and what steps it would be necessary to take to obtain them.

It was held in this case, in 62 Iowa, 395, that the character of the property, the marital relation, and the possession of the receipt tended to show the husband's authority to receive the goods; and in 57 Iowa, 42, substantially the same doctrine is expressed. Now, if they tended to show actual authority, they tended to show apparent · authority. These things were seen by the company, and it saw nothing to indicate otherwise. That the appearances were all of one kind there is no dispute. We are clearly of the opinion that, upon the undisputed facts of this case, as they are shown to us, the plaintiff ought not to recover, and that the instructions asked should have been given without modification.

REVERSED.