N. S. Fisk, Trustee, Appellant, v. Chicago, Milwaukee & St. Paul Railway Company, Appellee.

83    253
111   219
111   220

83    253
138   143

1. **Practice in Supreme Court:** APPEAL: ERROR WITHOUT PREJUDICE. A judgment will not be reversed in the supreme court because of error in certain instructions to the jury, when such judgment is in accord with other instructions of the court, not complained of, and the special findings of the jury, even though the rules of law announced in such other instructions are erroneous.

2. ——: ——: ——. Error in the submission of certain interrogatories to the jury, for their special findings, will likewise, under such circumstances, be deemed upon appeal to be error without prejudice.

*Appeal from Linn District Court.*—Hon. James D. Giffen, Judge.

Wednesday, June 3, 1891.

THE plaintiff is the trustee of one A. Bolton. On the fifteenth day of September, 1885, at the town of Paralta, in Linn county, said Bolton was driving a team of colts on a public highway where the same crossed the defendant's railway tracks, when the team took fright because of a freight car standing on the track and in the public highway, and ran, throwing Bolton out of the wagon, and against a fence, by which he was injured. This action is to recover therefor, averring negligence in the defendant company in thus leaving its car near the traveled track in the highway. The answer puts in issue the negligence of both the railway company and the plaintiff. The jury returned a general verdict for the defendant, with the following special findings: "*Interrogatory 13.* Were Bolton's colts, or any of them, high spirited and nervous, and liable to become frightened at freight cars left standing near the roadway? *A.* Yes.

"*Interrogatory 14.* Do you find that Bolton's colts were safe to drive past freight cars standing near the roadway, as they were driven? *A.* No.

"*Interrogatory 16.* Was Bolton's team one of ordinary gentleness in respect to becoming frightened at cars standing near the roadway? *A.* No.

"*Interrogatory 17.* Was the near mare nervous and excitable, and liable to frighten and shy at objects in or near the roadway? *A.* Yes.

"*Interrogatory 18.* Were Bolton's colts as safe to drive past cars standing near the roadway as a team of ordinary gentleness, well broken and carefully driven, would have been? *A.* No.

"*Interrogatory 20.* Do you find that Bolton's colts were ordinarily gentle, and well broken, and was each one so? *A.* No."

From the judgment on the verdict the plaintiff appeals.—*Affirmed.*

*Rickel & Crocker*, for appellant.

*Mills & Keeler*, for appellee.

GRANGER, J.—I.  The complaints by the appellant are as to certain instructions given relative to contributory negligence, the submission of special interrogatories to the jury, and the admission and exclusion of evidence.

1. PRACTICE in supreme court: appeal: error without prejudice.

The appellee, however, insists that, notwithstanding the errors complained of, the judgment must stand because of the special findings and instructions of which complaint is not made.  The only instruction of the series given by the court in which the facts are stated on which recovery can be had by the plaintiff is number 7, as follows:  "7.  If from the evidence you find that defendant placed a freight car on the highway crossing in question, or near the traveled track, or portion thereof, and left the same in such position for an unreasonable length of time, and that said car so placed was an object calculated to frighten horses of ordinary gentleness, passing along and over said highway across said crossing, and that said Bolton's team was one of ordinary gentleness, and that he was at the time in question driving said team along said highway and over said crossing in an ordinarily careful manner, and that, while so driving the same, they were frightened at said car, and became unmanageable, and ran away with said Bolton, and he was thrown out and injured, then the defendant is liable for the damages to said Bolton directly caused by such injuries, unless said Bolton's own negligence contributed to produce such injuries."

The correctness of this instruction as a statement of the law is not questioned in this court, and counsel in argument agree that it must stand unquestioned as the law of the case.  It is not, however, to be regarded

as approved by this court. It is the rule, followed by
this court, that the jury must regard the instructions
given, even if incorrect, and for a failure to do so a
new trial will be granted. *Boyer v. Riley*, 41 Iowa, 13.
With these facts and rules of law in mind, we may
readily dispose of the principal controversy in the case.
By the instruction the jury is told that to find for the
plaintiff it must find that the team driven by Bolton
"was one of ordinary gentleness." The jury did not
find so, but, on the contrary, found that it was not one
of ordinary gentleness. (See special findings.) This
finding of fact was in no way influenced by the instruc-
tions complained of by the appellant, and, had such
instructions been in accord with the appellant's view,
the result could not have been different. If, then, the
instructions are erroneous, the error is without preju-
dice. With this view and our conclusions as to the
remaining questions in the case, it is not necessary to
determine the correctness of the instructions com-
plained of.

II. The court submitted to the jury twenty inter-
rogatories at the request of the defendant, to which

2. —: —: —.    answers were returned. The appellant
now complains that it was error to submit
them. The record shows that at the time the plaintiff
objected to the submission of interrogatories numbers
10, 11 and 12, which, with the answers, are as follows:
"*Interrogatory 10.* At what place were Bolton's inju-
ries received, and how were they caused, and how far
from the tracks? *A.* At roadside, near crossing, by
being thrown from his buggy onto fence post and
ground, about one hundred feet north of tracks.

"*Interrogatory 11.* Was Bolton injured before his
wagon wheels struck the tie by the roadside? *A.* No.

"*Interrogatory 12.* If Bolton's wagon wheels had
not struck the tie by the roadside, and thrown him

against the fence wire, would he have received the injuries complained of? *A.* No."

It must be seen at a glance that these questions could in no way affect or change the result under our holding in the first division of the opinion. Inasmuch as objection was made to a part of the questions, and not to others, at the time of submission, we must assume that the submission was by consent implied, if not expressed.

III. It is said that there is no testimony as a basis for the submission of interrogatory number 13, but that is a misapprehension, as it is in evidence that Mr. Bolton said that the team was "always afraid of a car standing still." There is also other evidence to the same point. The evidence complained of, both as to exclusion and admission, was directed to points other than that held to be conclusive of the case, and need not be considered.

The judgment is AFFIRMED.