## THE JULIEN GAS LIGHT COMPANY v. HURLEY.

1. MECHANIC'S LIEN. In December 1856, the defendant recovered a judgment against the Dubuque Gas Light and Coke Company, for work done in and about their works, and an appeal was taken by said company, from said judgment, to the Supreme Court, and a supersedeas bond filed. At the February term, 1858, of the Dubuque District Court another party recovered a judgment against the Dubuque Gas Light and Coke Company, for work done on the same works, under a contract subsequent to defendant's, and an order for a mechanic's lien was thereon entered. Under an execution issued on the judgment, in April, 1859, the building was sold to one H., for the benefit of the creditors of the above named company, who organized and formed the Julien Gas Light Company, to whom the sheriff's certificate was transferred. At or about the same time, the property was purchased, by the same party, for the same purpose, under deeds of trust executed by the Dubuque Gas Light and Coke Company. The judgment entered in the District Court in favor of defendant and against said Company, was affirmed by the Supreme Court, and in June, 1858, a *nunc pro tunc* order for a mechanic's lien on the same property, for the satisfaction of said judgment was entered; and on appeal to the Supreme Court was affirmed: *Held:*

1. That complainants, having notice of defendant's rights when they acquired the property, in controversy, cannot in equity take advantage of the fact that the lien was was not recognized at the time of the entry of the judgment.

2. That the lien dated from the commencement of the work, and that the appeals from the judgment and *nunc pro tunc* order did not have the effect of releasing the same.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 17.

THE Dubuque Gas Light and Coke Company was organized September 21, 1854. In the same month, or about that time, Ross & Hoy made a contract with the company, and

entered upon the performance of the same, to-wit: building the gas works, laying pipe, &c. At the February Term, 1858, of the Dubuque District Court, Ross, as the assignee of Ross & Hoy, commenced suit against the company, and in December, of the same year, recovered judgment with an order for a mechanic's lien. An execution issued on the judgment and in April, 1857, the property was sold to Higginson, for the benefit of the creditors of the company, who organized and formed the Julien Gas Light Company, to which company he assigned the sheriff's certificate.

In March, 1857, the Dubuque Gas Light and Coke Company, made a trust deed to certain persons of the gas works and real estate, to secure certain bonds; and in June of the same year, made another similar deed to secure other bonds. In April, 1859, the property was sold under these trust deeds, under a decree of court, and purchased by Higginson for the benefit of the creditors as before. In December, 1856, Hurley, the respondent, recovered judgment against the Dubuque Gas Light and Coke Company, for work done in and about the building of the gas works. This judgment was appealed by the company to the Supreme Court and affirmed. In July, 1858, he obtained a *nunc pro tunc* order for a mechanic's lien, on the same property previously sold to Higginson. From this order an appeal was taken to the Supreme Court, and was there affirmed.

An execution was issued and levied upon the property under the Hurley judgment, and thereupon complainant filed this bill praying an injunction, &c. The injunction was allowed, and subsequently upon the coming in of the answer and upon certain *ex parte* affidavits was dissolved. Complainant appeals.

*Monroe & Duncan* for the appellant.

I. It would seem, both upon principle and authority, that whatever effect a judgment corrected by a *nunc pro tunc* entry might have been between the parties, that as to inno-

cent third parties holding liens, it should not be allowed to relate back.  *Beebe* v. *The Bank of New York*, 1 Johns. 529.

II.   The doctrine seems to be well settled by authority, that the lien of a judgment is suspended whenever the right to sue out an execution thereon is suspended.  *United States* v. *Morrison*, 4 Pet. 135 ; *Coleman* v. *Cook*, 6 Randolph 648 ; 13 Pet. 464 ; 1 Brock 166 ; *Campbell* v. *Spence*, 4 Ala. 550 ; 4 How. (Miss.) 4 ; 5 Ib. 200 ; 4 Ib. 130.   *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa, 230.

*Wilson, Utley & Doud*, and *O'Neal & Harvey* for the appellee.

I.   An appeal and supersedeas bond does not release a mechanic's lien.  *Danforth, Davis & Co.* v. *Carter & May, supra; Campbell* v. *Howard*, 5th Mass. 375 ; *Smith* v. *Allen*, 2 E. D. Smith's R. 262; *Vandyne* v. *Vanness*, 1 Halst. Ch. (N. J.) 485; *Avrill* v. *Lovicks*, 6 Barb. S. C. 19 ; *in the matter of the petition of John Berry, Receiver of the Atlas Insurance Company* 26 Barb. 55; *Overton* v. *Perkins*, Mart. & Yerg. 367 ; *Gay* v. *Graham*, 1 Gilm. 441 ; *Rankin* v. *Scott*, 4 Pet. (condensed) R.; *Rogers* v. *Dickens*, 1 Gilm. 645; *Levi* v. *Harper, et al*, 4 Humph. 113; *Picket* v. *Doe*, 5 Smedes & Mar. 470, 489 ; *Hardie* v. *Stowell, Simmons & Co.*, 1 Kelly (Ga.) 92 ; *Montgomery* v. *McGuipsey*, 7 Smedes & Mar. 557; *Stubble* v. *Dalrymple & Walpole*, Wright (Ohio,) 447 ; *Smith* v. *Everly*, 4 How. (Miss.) 178.

II.   The liens of these plaintiffs were acquired with notice of defendant's rights, and are not protected as those acquired without notice.

WRIGHT, J.—The answer denies explicitly that Ross & Hoy had the first contract, and the *ex parte* affidavits support rather than contradict this view.   In the replication to the answer, it is admitted that Higginson and the said plaintiffs had notice of Hurley's claim, as also that he claimed a

mechanic's lien, at the time of Higginson's purchase, but that they were advised that it was subordinate to the lien and judgment under which they claim.

*Held:* That under the pleadings and affidavits submitted, the court below did not err in dissolving the injunction.

That the court could well conclude that respondent had the right to the prior lien as a mechanic.

That whatever effect the *nunc pro tunc* order might have had upon an intervening judgment creditor or mortgagee *without notice*, complainant having notice, cannot in equity take advantage of the fact that the lien was not recognized at the time of the entry of the judgment.

That the appeal, either from the judgment or *nunc pro tunc* order, did not have the effect of releasing the mechanic's lien. The lien dated from the commencement of the work, and was paramount to all liens, except incumbrances by judgment rendered, or instruments recorded subsequent to that time. The appeal then, with the supersedeas bond, suspended the right of respondent to issue execution and enforce the collection of his judgment, but it did not destroy or impair the binding efficacy of his lien.

Decree affirmed.