16 | 62
101 | 736

## LYONS v. THOMPSON et al.

1. AGENCY: EVIDENCE. The authority of an agent may be shown by parol evidence, except in special cases.

2. BILLS OF EXCEPTION: EVIDENCE. The safer and better practice in all cases is to set out the evidence in the body of the bill of exceptions instead of by reference; and when a deposition (or other evidence) is not so clearly and unmistakably marked and identified by the bill of exceptions as to leave no fair or reasonable room for doubt as to its fairness, it will be disregarded by this Court.                                    \

3. PRACTICE: GENERAL EXCEPTION TO INSTRUCTION. A general exception to several instructions given, raises no question for review in the Supreme Court, unless all of the instructions are erroneous.

4. STATUTE OF FRAUDS: INSTRUCTIONS. The Court below was asked to instruct the jury that the defendants would not be liable upon the default, debt or miscarriage of another, unless such promise was in writing, duly signed by them or their duly authorized agent. *Held*, that as the instructions omitted the exceptions where the promise is shown by evidence of the party sought to be charged, the Court did not err in refusing to give it.

5. EVIDENCE: STRONGEST EVIDENCE. While the fact that goods were charged on the books of the vendor to one party is strong evidence that they were not sold on the credit of another, it may not be the strongest evidence

which could be produced to show that fact, and the Court did not err in so instructing the jury.

*Appeal from Clayton District Court.*

FRIDAY, APRIL 15.

THE facts will sufficiently appear from the opinion.

*Murdock & Stoneman* and *Hunt & Drummond* for the appellants.

*Odell & Updegraff* for the appellees.

WRIGHT, C. J.—Plaintiff seeks to recover for the value of certain goods delivered to A. B. Olmsted & Co.

Upon the trial, certain orders were introduced, signed by Boyles and others, and defendants objected to their introduction for the reason that they were not signed by Olmsted & Co. Plaintiff thereupon offered to, and did prove by parol, that the persons signing said orders, in giving the name, acted for and as the agents of said company. This testimony was objected to, upon the ground that as the agency did not appear upon the face of the orders, and the principal was not disclosed, the testimony was incompetent; and the admission of this testimony is the first error demanding our attention.

That the authority of an agent, except in special cases, may be shown by parol, cannot admit of doubt. 2 Greenl., § 61. The case before us does not fall within any of the exceptions. Not only so, but the appellants mistake the application of the rule for which they contend. The question is not, whether the persons signing the orders might not be made liable personally for the goods delivered thereon; but whether it can be shown by parol that they were acting at the time as the clerks or agents of and for Olmsted & Co.

If an individual is in the habit of giving orders or directions in relation to the delivery of goods or any thing else by a clerk, there is no rule violated in allowing the fact of agency to be shown by parol. The question is, were the goods delivered to or for a particular person. To establish such delivery, and the person for whom delivered, it is an every day practice almost, to show for whom the person ordering them was acting, if a question of agency arises. Story on Agency, § 50.

The bill of exceptions found on pages twenty-one and twenty-two of the record, recites that the case " was submitted to the jury on the evidence hereto attached and found on pages 15, 16, 17, 18 to 38 inclusive, which was all the evidence in the case." From pages 28 to 68 of the record we find what purports to be the testimony of witnesses. It is not, however, otherwise identified than as above stated in the bill of exceptions. There is no certificate signed by the judge; no reference to the names of the witnesses, nor any thing else to direct to what is relied upon as showing the facts of the case.

The law provides that " an exception, *when presented for signature*, need not include therein, spread out at length, any writing filed in court, but may incorporate the same by any unmistakable reference thereto, and the clerk in making a transcript of the bill of exceptions, shall *write therein at length* all of such writing included therein by reference." Rev., § 3109. If testimony taken as this was is a " writing filed in court," within the meaning of this section, (which may well be doubted) then the proper and better, if not necessary practice, is clearly defined and pointed out. And in following those requirements, there should be neither trouble nor doubt. It is just as easy, involves no more expense, and is infinitely more plain and intelligible to write the same in the body of the bill of exceptions in making the transcript, than to write and place it in some

other part of the record. By thus separating what should constitute one paper, an opportunity is constantly given for doubt and controversy, and we are far from having that accuracy and certainty which it is desirable should always attend judicial proceedings. And while we are not prepared to hold that a writing would not be considered and examined by us, which was not incorporated in the bill in the exact method directed in the section quoted, we have no hesitation in saying, that it is very much the better and safer practice, and that if there is a departure from it, the writing, if attached or annexed, should be so clearly and unmistakably marked or identified as to leave no fair or reasonable room for doubt as to its genuineness, or as to its being the very paper to which reference is made or to which the ruling relates.

If, on the other hand, this testimony is not a "writing filed in court," then the necessity for care and certainty in the identification is even more manifest. For in the one case the act, or mark of filing, tends to assist in the identification and decreases the chance for mistake, while we have no such aid in the other. But without pursuing the subject further, we remark that as the appellee's counsel object to the consideration of this testimony, we have felt bound to disregard it, entertaining as we do, a decided opinion that it is not sufficiently identified. As sustaining these views, we refer to *Reed* v. *Hubbard*, 1 G. Greene, 153; *Claussen* v. *La Franz*, 1 Iowa, 226; *Harmon* v. *Chandler*, 3 Id., 150; *Brewington* v. *Palton*, 1 Id., 121; *Bryan* v. *The State*, 4 Id., 349; *Pierce Bros. & Flanders* v. *Locke & Co.*, 11 Id., 454; *Mumma* v. *McKee*, 10 Id., 107; *Fletcher* v. *Burroughs*, Id., 557; *Vandal* v. *Same*, 13 Id., 247; *State* v. *Gebhardt*, Id., 473.

These cases strip the question of all doubt under former statutes, and the Revision does not countenance a practice less stringent.

Treating this testimony, therefore, as not properly before us, we cannot ascertain or know how far the verdict was warranted by the proof, and the motion for a new trial, based upon this cause, was, as far as the record discloses, properly overruled.

III. The same bill of exceptions recites that "plaintiff asked instructions one, two, three, four, five, six and seven, hereto attached, which were given, to which defendants then and there excepted." It is objected by appellee that this form of exception presents no question for our review unless all of the instructions were erroneous. And without stopping to consider whether they are sufficiently identified, within the rule above recognized, or whether this is the better method of saving an exception to the action of the Court in giving instructions, we feel bound to sustain the objection taken, and to hold that the points made by appellants, touching such instructions, are not properly before us. It is not pretended that the instructions given are all erroneous, and upon the authority of *The Davenport Gas Light and Coke Company* v. *The City of Davenport*, 13 Iowa, 229; *Wilhelmi* v. *Leonard*, Id., 332; *Loomis, Conger & Co.* v. *Simpson*, Id., 532, the errors assigned as to this action of the Court must be overruled.

IV. We come finally to consider certain instructions asked by the defendants and refused. Without setting them out at length, we can sufficiently indicate our views of their correctness by referring to the legal propositions which they were intended to enunciate. And in the first place, several of these embody the doctrine that defendants would not be liable upon a promise to answer for the debt, default or miscarriage of Olmsted & Co., unless such promise was in writing, duly signed by them or their lawfully authorized agent. So far as it goes there is no objection to this proposition, nor could there well be, for it is taken almost literally from the statute. But the same statute

Lyons v. Thompson.

also provides that the oral testimony of the person thus sought to be charged may be received as evidence to establish such liability (Rev., 1860, § 4010), and this exception the Court would have disregarded by giving the instructions as asked. The exception is material and important and for any thing we know, was vital to the plaintiff's right to recover.

Other instructions were asked, involving the same question as that above discussed in relation to the orders signed by agents of Olmsted & Co. As to these, we need add nothing more.

It was also claimed that, if it appeared that plaintiff charged the goods to Olmsted & Co., this was evidence of the strongest kind to show that he did not give the credit to or trust defendants. The Court instructed that this would be evidence tending to show that the credit was not thus given. Defendants may have been entitled to stronger language than that employed by the Court and still the instruction as asked might properly be refused. The testimony did certainly tend to show the fact, and even strongly so; and yet there certainly could be stronger or more conclusive or satisfactory evidence. Thus a writing signed by plaintiff, and admitting that Olmsted & Co., and not defendants, were being trusted, or that credit was being or had been given to them, would certainly be stronger. The objection to the instruction as asked, is, that it stated the rule too strongly.

If any of the instructions are not disposed of by the foregoing views, we may remark generally that their applicability to the case as made by the proof is not shown, and they may for this reason have been properly refused. We will not presume any thing to the contrary.

Affirmed.