## Shephard v. Brenton.

20  41<br>106 153

1. Instruction: RELEVANCY. When the evidence is not embraced in the record, the judgment below will not be reversed because instructions, which might have been proper under a state of evidence, were refused by the court.

2. Practice: EXCEPTIONS. An exception to the entire charge of the court to the jury raises no question for review in the appellate court if any one of the instructions given is correct.

3. —— ARGUMENT. The Supreme Court will not reverse the judgment of the District Court because the court refused on the argument to hear

Shephard v. Brenton.

counsel read an opinion of the Supreme Court in the same case, where no abuse of the discretion vested in the court in such matters is made affirmatively to appear.

4. —— BILL OF EXCEPTIONS: IMPEACHING EVIDENCE. When a party excepts to the ruling of the court rejecting evidence offered to impeach a witness, the proper practice is, to set forth the evidence given, and then what it is proposed to prove, that the appellate court may know upon what facts the ruling was made below.

5. —— ENTRY OF JUDGMENT AT SUBSEQUENT TERM. When, by an omission of the clerk, judgment was not entered upon a verdict at the term at which it was rendered, it was held competent for the court at a subsequent term, both parties appearing and being heard, to enter judgment on the verdict.

6. —— INTEREST. In entering up such judgment, it is error to add interest to the amount of the verdict from the date of the verdict to the date of the judgment. The proper judgment would be for the amount of the verdict with interest from the time the judgment should have been entered.

*Appeal from Boone District Court.*

FRIDAY, JANUARY 26.

THIS case was before us in 1863 (15 Iowa, 84), and the order of the court below awarding a new trial to defendant was affirmed. Since that time there has been a retrial in the Boone District Court, the venue having been changed; plaintiff obtained a second verdict and defendant appeals. For the facts material to the questions raised on this appeal, see the opinion.

*Phillips & Phillips* for the appellant.

*Dorr, Bartle & J. M. Ellwood* for the appellee.

WRIGHT, J. — I. Appellant objects, that the court refused certain instructions asked by him. It is possible 1. INSTRUC- that they should have been given under a certain TIONS: relevancy. state of the proof. What this was, however, we

have no means of knowing, as no part of the testimony is contained in the record. We need not cite authorities to show that, under such circumstances, we will not assume that the instructions were improperly refused. The refusal may have been justified, because the law as prayed was inapplicable to the proof. *Farr* v. *Fuller*, 8 Iowa, 347; *Harman* v. *Hall*, 7 Id., 153; *Dilley* v. *Nusum*, 17 Id., 238.

II. Defendant is equally importunate, upon well settled rules, in his objections to the charge of the court, and to the instructions given at the instance of the plaintiff. He excepted to the entire charge, and to all the instructions. There is no claim that they are all erroneous. We have too often held that this method of excepting is not warranted by the statute to again enter upon its discussion. *Lyons* v. *Thompson*, 16 Iowa, 62, and cases there cited.

2. PRACTICE: exceptions.

III. The act of the court in refusing to hear read "in argument for the purposes of comment," the opinion of this court formerly delivered in this case, may have been entirely justified. We know nothing of the circumstances, and hence cannot say that the opinion had anything to do with the case as made on the second trial. In a matter resting so peculiarly in the discretion of the court below, counsel should show affirmatively an abuse of such discretion.

3. —— argument.

IV. Defendant asked a witness if he did not, " on the former trial of this case, state certain facts," and receiving answers which he "*claimed* were wholly or partially disproved by the evidence embodied in the bill of exceptions taken on such trial," offered the evidence, as thus preserved, to impeach said witness; the evidence was objected to, and the objection sustained. The question, where it is sought to thus impeach a witness, is not what the party *claims* as to the testimony given, but what it was in fact. The proper practice is, to set forth

4. —— bill of exceptions: impeaching witness.

the testimony given, and then what it is proposed to prove, that the appellate court may be able to see and know the facts upon which the ruling below was made, and not alone what the party claimed. If it appeared that the evidence on the former trial was rejected because it was not properly authenticated, or because it was shown by the bill of exceptions, instead of by some person present and hearing the same, a very different question would be presented. But as the record stands, we are justified in presuming that the court excluded the testimony because defendant's claim was unfounded, and if so, there was no error.

V. It seems that the verdict in this case was rendered at the April Term, 1864, of the Boone District Court, but that the clerk failed and neglected to enter any judgment thereon, though it does not appear that defendant's motion, in arrest and for a new trial, was overruled. Both parties were ignorant of this omission, until the September Term, 1865, when plaintiff moved for judgment on the verdict, and the sustaining of this motion is now assigned as error.

5. — entry of judgment at subsequent term.

The record shows that defendant appeared by counsel and resisted this motion. The necessity of notice that it would be made was thereby obviated, and we need not inquire into the effect of such a step in the case, in the absence of notice.

But it is insisted that the court had no power to enter this judgment eighteen months after the rendition of the verdict. The objection is based upon §§ 2664–2667 of the Revision. In our opinion, however, the case does not fall within any of the provisions therein contained. The object of this motion was not to amend or expunge an entry previously made, as for instance, to change the amount of a judgment or expunge one previously entered. There was the verdict in due form, the entry in the judge's docket, the same judge was presiding, and he was asked

to enter, not a new or different judgment, but, by supplying an evident and undisputed omission of the clerk, to make a record of what all parties supposed was done at the proper time. That the District Court has such power we entertain no doubt. *The Julien Gas Light Co.* v. *Hurley*, 11 Iowa, 520.

VI. The judgment, when entered, was for the amount of the verdict, with interest thereon to September, 1865,

6. — inter-est. making in the aggregate the sum of $813.75 (the verdict was for $750), and to this defendant very properly objects. Plaintiff asked for a *nunc pro tunc* order, and the entry should have been for the amount of the verdict, with interest from the time the judgment ought to have been entered. Plaintiff substantially concedes this error, and asks that it may be corrected. The correction will be ordered accordingly, and finding the judgment below otherwise correct, the proper judgment will, if plaintiff shall so elect, be entered in this court, otherwise it will be remanded, each party paying half the costs of this appeal.

COLE, J., having been of counsel, took no part in the determination of this case.