Goodrich v. Conrad.

---

GOODRICH v. CONRAD, Administrator.

1. **County Court:** APPEAL. An appeal lies from a ruling of the County Court denying a motion to correct its record by supplying an omitted entry, showing that an administrator had permission of the court to prosecute a certain claim originally in the District Court, and that such claim was sworn to at the time of the filing thereof. Such ruling is a decision or order affecting the merits within the meaning of section 267 of the Revision.

2. —— CORRECTION OF RECORD. That the judge by whose omission the record failed to show such fact no longer remained in office, but was succeeded by another, would not change the rule. The power and duty to make the correction resides with the *court*.

3. —— NUNC PRO TUNC ENTRY. Nor would the fact that no entries whatever were made respecting the omitted matters deprive the court of the power to supply the omission, on the ground that this would not be the correction of a record, but the making of a new one.

*Appeal from Grundy District Court.*

FRIDAY, DECEMBER 10.

THE plaintiff made a motion, in the County Court, to correct its records in order to show the fact that a certain claim, based upon a promissory note, filed by him in said court, against the estate of which defendant is the administrator, was, at the time of the filing, sworn to, and that he had permission of said court, to prosecute the claim originally in the District Court. Objection being made in the County Court to the correction of the record as asked for, the court overruled the motion. Thereupon plaintiff appealed to the District Court. Defendant moved to dismiss the appeal upon the following grounds :

1st. That plaintiff, in his appeal, complains wholly of a ruling upon a question of law, and he has no remedy therefor by an appeal. 2d. The appeal does not involve the merits of a case, or an intermediate order involving the merits of a case, as contemplated by section 267 of the Revision. 3d. The record shows no proper case wherein an appeal lies. The motion was overruled. Upon a trial of the cause before the District Court, on a proper finding of facts, the correction, as claimed in plaintiff's motion, was ordered to be made. Exceptions were taken to the final judgment of the District Court, as well as to the order overruling defendant's motion to dismiss the appeal. Defendant appeals. An action between the same parties, founded upon the note which is the basis of plaintiff's claim, had been commenced, and was brought on appeal to this court. See 24 Iowa, 254.

*Huff & Reed* and *D. E. Lyon* for the appellant.

*Adams & Robinson* for the appellee.

BECK, J. — I. The appellant assigns as error the order of the District Court, overruling his motion to dismiss the 1. COUNTY appeal, and presents that question for our consid-COURT: eration.  The County Court overruled plaintiff's appeal. motion, upon objections thereto, which struck at the very right of plaintiff to the relief claimed, as well as the authority of the County Court to grant it.  Upon the case made in the motion, we think the plaintiff was entitled to the relief.  He asks in the motion that the record be so corrected as to show certain facts transpiring before the court, of which record should have been made.  The failure to enter them of record was an error or omission which ought to have been corrected.

The fact that the judge, by whose omission the record fails to show these facts, no longer held the office, did not 2. — correc- deprive the court of the power to grant the tion of record. relief.  The court had the same control of its records, made by a former judge, as it had of the record of the proceedings of the judge who then occupied the bench.  The law considers the omission as the act of the *court;* the same court that omitted to make the particular entries was asked to make the correction.  The order overruling plaintiff's motion affected his right to relief, and was an intermediate order affecting the decision upon the merits, as it, in effect, denied relief.  From such an order an appeal is clearly allowed by section 267 of the Revision.

It is argued, that, inasmuch as the question decided by the County Court involved a question of law only, plaintiff's remedy was not by appeal.  The conclusion, from the facts stated, cannot be admitted.  The objection to the motion in the County Court was in the nature of a demurrer, and admitted the facts alleged as grounds for the relief asked.  The County Court, upon such admitted facts, ruled that it had no jurisdiction to correct the errors

Goodrich v. Conrad.

in its records made by a former judge, and dismissed the motion. This is an intermediate order, and involved the merits of a matter affecting plaintiff's rights, and necessarily denied relief. It may be reversed upon appeal, being within the provisions of section 267.

II. It is argued, that, inasmuch as no entries of the facts had been made in the records of the County Court, a record of them, as asked in plaintiff's motion, would not be the correction, but the making, of a record. This may be admitted, and yet we cannot deny that the court possesses that power. Certain things were done by the court: the administration of an oath, and permission given to prosecute a suit in the District Court, both proper to be made of record. No evidence of these acts existed in the record of the court, or are otherwise preserved. It is clearly within the power of the court to supply the omission. *Shepherd* v. *Brenton*, 20 Iowa, 41 ; *The State* v. *McComb*, 18 id. 43 ; *Julian Gas Light Co.* v. *Hurly*, 11 id. 520.

*3. —— nunc pro tunc entry.*

Such corrections or amendments are often made, and are called *nunc pro tunc* entries. Of course they must be limited to supplying such entries as have been omitted through oversight or negligence, and cannot be made to alter or expunge a record.

III. We are of the opinion that the evidence before the District Court fully supports its judgment, which is denied by defendant, and this denial made a ground of objection. Our reasons for this conclusion it is not necessary to give, as it would involve simply a discussion of the evidence.

Affirmed.