THE KANSAS CITY, FORT SCOTT & GULF RAILROAD
COMPANY V. JOHN TONTZ, *as Treasurer, &c.*

1. STATUTE, *Unrepealed; Valid Township Road Tax.* Section 22 of chapter 110 of the General Statutes of 1868, (Comp. Laws of 1879, ch. 110, § 22,) has not been repealed, by implication or otherwise, by § 1 of chapter 174 of the Laws of 1872, (Comp. Laws of 1879, ch. 89, ¶ 5073,) or by § 21 of chapter 108 of the Laws of 1874, (Comp. Laws of 1879, ch. 89, ¶ 5052,) but is still in force as a valid and existing law; and a township road tax levied in accordance with the provisions of said § 22 would be a valid tax.

2. TOWNSHIP ROAD TAX, *Valid.* Where a township road tax is levied by the township trustee and the board of county commissioners in accordance with the provisions of said § 22, and the levy is properly reported to the county clerk, and the tax is properly entered on the tax roll of the county, and the tax roll is properly placed in the hands of the county treasurer for collection, and the county treasurer proceeds in a proper manner to collect the tax, *held,* that the tax is valid, notwithstanding the fact that the county clerk and the county commissioners neglected for six months to enter the levy of the tax upon the county commissioners' record.

3. INJUNCTION, *Not Maintained.* And in such a case, where a tax-payer pays all his taxes except the said township road tax, and refuses to pay such tax, and afterward the proper entry of the levy is made on the county commissioners' record, *held,* that such tax-payer cannot then maintain an action to perpetually enjoin the collection of such tax.

*Error from Crawford District Court.*

INJUNCTION, brought by the *Railroad Company* against *Tontz,* as treasurer, and *McMurray,* as sheriff, of Crawford county, to restrain the collection of a certain tax. Judgment for defendants, at the April Term, 1882, of the district court. Plaintiff brings the case here. The opinion states the facts.

*Wallace Pratt,* and *Blair & Perry,* for plaintiff in error.

*C. Dana Sayrs,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Kansas City, Fort Scott & Gulf railroad company against John

Tontz, the county treasurer, and James McMurray, the sheriff of Crawford county, to perpetually enjoin the collection of an alleged illegal township road tax. The case was tried by the court below without a jury, upon the following agreed statement of facts, to wit:

"It is agreed by the parties that the following are and may be treated and considered as the facts in this action:

"1. The plaintiff is a corporation, authorized to operate and liable to pay taxes on the lines of railroad described in the petition herein.

"2. The defendant McMurray was sheriff of Crawford county, Kansas, during the years 1881 and 1882, and the defendant Tontz was treasurer of said county during said years.

"3. Taxes for the year 1881 were charged on the tax rolls of said Crawford county against the property of the plaintiff, aggregating the sum $10,206.46, of which amount the plaintiff has paid $9,808.70, and holds proper receipts therefor. The amount in dispute in this action was charged and levied as a township road tax, and aggregates the sum of $397.76.

"4. In the amount of taxes paid by the plaintiff is included a road tax levied under § 21, ch. 89, [108,] Laws 1874, (§ 5052, Dassler's [Comp. Laws] 1879,) and worked out and paid by the plaintiff in compliance with succeeding sections of said law. The disputed tax was levied under § 22, ch. 110, Laws 1868, (Dassler's [Comp. Laws] 1879, § 5988,) and it is under this law that the county claims the tax as valid. Plaintiff claims the disputed tax was levied under § 42, ch. 89, Comp. Laws 1879.

"5. The disputed tax was levied July 9, 1881, and a copy of the record of such proceedings, as subsequently made, is hereto attached, marked 'Exhibit A,' and made a part hereof. The disputed tax was levied at the July meeting of the county commissioners in 1881, by the township trustees, with the advice and concurrence of the county commissioners, but no written note or memorandum of the proceedings about said tax was made or signed by any of the county commissioners or officers until January 7, 1882, when the record was made which is appended hereto.

"6. At the proper time the plaintiff paid all taxes levied against its property, excepting that in dispute in this action.

"7. Because of the failure of plaintiff to pay the disputed tax, the defendant treasurer at the proper time, to wit, January 16, 1882, issued a warrant for its collection to the de-

fendant sheriff for collection by distraint. On January 24, 1882, the plaintiff commenced this action, and obtained a temporary order of injunction restraining the collection of such disputed tax."

We do not think that it is necessary to give a copy of "Exhibit A" above referred to, as the agreed statement of facts above quoted sufficiently sets forth the substance of the same. Upon this agreed statement of facts the court below made a general finding in favor of the defendants and against the plaintiff, and rendered judgment accordingly; and the plaintiff, as plaintiff in error, now brings the case to this court for review.

It appears that there are three statutes now in force (provided they are all valid) which authorize the levy of road taxes: First, § 22 of ch. 110 of the General Statutes of 1868, being § 22 of the act relating to townships and township officers, (Comp. Laws of 1879, ch. 110, § 22;) second, § 1 of ch. 174 of the Laws of 1872, being § 1 of an act entitled "An act in relation to road districts," (Comp. Laws of 1879, ch. 89, ¶ 5073, § 42;) third, § 21 of ch. 108 of the laws of 1874, being § 21 of the act relating to roads and highways, (Comp. Laws of 1879, ch. 89, ¶ 5052.)

The plaintiff claims that the tax in dispute was levied under § 1 of ch. 174 of the Laws of 1872; and further claims that this section has no force or effect at the present time, for two reasons: First, that it is unconstitutional, being in contravention of that portion of § 13, art. 2 of the constitution of Kansas, which provides that "No bill shall contain more than one subject, which shall be clearly expressed in its title;" second, that it was repealed by implication by said § 21 of ch. 108 of the Laws of 1874.

Now for the purposes of this case it may be admitted that said § 1, ch. 174 of the laws of 1872, is void and of no effect, for it is admitted by the defendants in this case that the tax was not levied under that section; but as to whether the section is in fact unconstitutional or not, or as to whether it has in fact no force or effect, we shall express no opinion.

It is further claimed by the plaintiff that even if the tax in dispute was levied under § 22 of chapter 110 of the General Statutes of 1868, still that the tax is void for the following reasons: First, that said § 22 was repealed by implication by § 1 of chapter 174 of the Laws of 1872; second, but if it was not repealed by that section, then that it was repealed by implication by § 21 of chapter 108 of the Laws of 1874; third, if it was not repealed by these sections or by any subsequent statute, then that no tax was legally levied under it, for the reason that no record was made of the levy at the time of the levy, nor for about six months afterward, nor until after the plaintiff had paid all its other taxes, nor until after the time had arrived and passed as provided by law for adding a penalty for the non-payment of one-half of all unpaid taxes. There is no pretense that § 22 of chapter 110 of the General Statutes of 1868 has been expressly repealed by any statute; and although it is claimed that the section has been repealed by implication because in conflict with later and subsequent statutes, yet no conflict has been pointed out. We suppose that it will not be claimed that a valid law can be impliedly repealed by a subsequent act unless the prior law is irreconcilably in conflict with the later enactment; for repeals by implication are never favored, and all acts of the legislature are so construed as to make them harmonize with each other if possible to do so, and all are to be held valid if it is possible to so hold; but if there were really any irreconcilable conflict between § 22 of chapter 110 of the General Statutes of 1868 and some subsequent statute, then we would think that the able counsel who represent the plaintiff in this case would be able to specifically point out the conflict. They have failed to do so, however. It is claimed that said § 22 is repealed by implication by § 1 of chapter 174 of the Laws of 1872. Now there is no conflict between these two sections so far as they authorize the levying of a township road tax. To this extent they are in substance identical, and their language is almost precisely the same, and evidently they are intended to authorize the levy of only one and the same tax; hence

the plaintiff in the present case labors under this difficulty: if § 1 of chapter 174 of the Laws of 1872 is valid, then the present tax is valid, (unless the failure of the county clerk and county commissioners to enter the levy on the county commissioners' record renders it void,) for it was levied precisely within the terms of this section; but if this section is not valid, if it is unconstitutional and void, as the plaintiff claims that it is, then it cannot have the force or effect by implication or otherwise to repeal § 22 of chapter 110 of the General Statutes of 1868, for no void enactment can repeal by implication any valid law. (*Stephens v. Ballou,* 27 Kas. 595, 602, and cases there cited.) And if said § 22 has not been repealed, but was still in force at the time the present levy was made, then it is admitted that the present tax is valid, unless said failure of the county clerk and county commissioners to enter the levy on the commissioners' record rendered it void. It is also claimed that said § 22 of chapter 110 of the General Statutes of 1868 is repealed by implication, by § 21 of chapter 108 of the Laws of 1874. Now this cannot be so, for there is not the slightest conflict between the two sections. Section 22 provides for the levy of a *township* road tax, to be collected in money as other taxes are; while said section 21 provides for the levying of a county road tax, to be paid in work, under the direction of the road overseers of the various road districts in the county. However, if this tax is not paid in work it may be collected as other taxes are. One of these taxes applies to the separate townships and may apply to only a single township, while the other must be levied upon all the taxable property of the county. These two taxes differ from each other in still other particulars, and are undoubtedly intended to be two separate taxes, and both of them may, in the township where the township tax is levied, be levied on the same property for the same year. These two sections have existed together for many years. Section 21 is almost a literal copy of § 21 of chapter 89 of the General Statutes of 1868; and the last-mentioned section was passed only two days after the other; and the two sections

were undoubtedly intended to have contemporaneous force and effect. We think that said § 22 has never been repealed by implication or otherwise, but is still in force.

We now come to the last question in the case, which is, whether the neglect of the county clerk and county commissioners to make any entry on the commissioners' record of the action of the county board and of the township trustee in levying the tax, renders the tax utterly null and void. No other irregularity than this is claimed. It would seem that the tax was properly levied, and was properly reported to the county clerk, and was properly entered on the tax roll of the county, and that the tax roll was properly placed in the hands of the county treasurer, and that the county treasurer attempted in a proper manner to collect the same. It would seem that this tax was regularly on the county tax roll at the time when the plaintiff paid its other taxes; but that, for the irregularity above mentioned and the other matters above mentioned, the plaintiff refused to pay the tax. Now although no record of the levy had yet been made, yet the plaintiff might have ascertained that a levy had in fact been made, if it had made any inquiry; and the facts that the county clerk had entered the tax upon the tax roll of the county and placed the tax roll in the hands of the county treasurer for collection, and that the county treasurer was then endeavoring to collect all the taxes entered thereon, were sufficient to put the plaintiff upon inquiry.

We think that the tax was at all times valid, after the tax roll was placed in the hands of the county treasurer for collection; that the mere fact that no entry of the levy of the tax had yet been made is not sufficient to invalidate the tax; and we also think that the county commissioners and the county clerk had the right to make an entry of the levy six months after the time when the levy was made, as they did in this case, and that the record of the levy as thus made would be evidence of the levy. Entries of public proceedings are often made some considerable time after the proceedings have in fact taken place. Sometimes days, sometimes

30—29 KAS.

months, and sometimes even years, elapse before the entry of the proceedings is in fact made; but where any considerable time has elapsed before the entry is made, it is always better to make the entry in the form of an entry *nunc pro tunc.* As applicable to some extent to these views, see *Goodrich v. Conrad*, 28 Iowa, 298, 301; *Gillett v. Comm'rs of Lyon Co.*, 18 Kas. 410, 413; *Cushenberry v. McMurray*, 27 Kas. 328, 332. The entry in the present case was in the form of an entry *nunc pro tunc.*

Of course no entry, *nunc pro tunc* or otherwise, can be made of a proceeding that never took place. It is only where the proceeding actually occurred that an entry can be made. Now in the present case it is admitted that the levy of the tax in dispute was actually made, and that the only irregularity connected with the levy was the mere failure to enter the levy at the time it was made. We think, however, that the making of the entry six months afterward cured this irregularity.

The judgment of the court below will be affirmed.

All the Justices concurring.