## In the Matter of the Estate of Elizabeth C. Seavey.

**Estates of Decedents:** ALLOWANCE OF CLAIMS: NUNC PRO TUNC ORDERS: NOTICE. Where a claim, duly verified, was filed in time, against the estate of a decedent, and was approved by the administrator, but through oversight or negligence had not been allowed by the clerk of the court for over two years after the date of filing, *held*, that upon an application to the court in probate the claimant was entitled to a *nunc pro tunc* order for the allowance of said claim as of the date of filing; and that said application being made in the course of another proceeding instituted by said claimant against the administrator, and while the latter was present in court, no formal notice thereof was necessary.

*Appeal from Audubon District Court.*—Hon. H. E. Deemer, Judge.

### Tuesday, May 19, 1891.

This is an appeal by the administrator from an order removing him, and an order *nunc pro tunc*, allowing a claim in favor of Helen N. Gault.—*Affirmed.*

*Nash, Phelps & Green*, for W. W. Sickles.

*Andrew & Hanna*, for Helen N. Gault.

Given, J.—I. The appellee's motion to strike the abstract, and dismiss the appeal, was submitted with the case, as was also his motion to strike the transcript. The denials as to the abstract and amended abstracts are such as to require the filing of a transcript. The grounds of the motion to strike the transcript are not sufficient, nor are the grounds for dismissing the appeal. Both motions are overruled, and the case is considered upon the transcript and arguments.

II. The only question made by the appellant in argument is that the district court had no authority to make the *nunc pro tunc* order that it did, allowing the claim of Helen N. Gault. The transcript shows that

the claim, duly verified, and indorsed with the approval
of the administrator, "with the approbation of the
court," August 13, 1886, was filed August 31, 1886; but
there is nothing to show that it was allowed by the
clerk, as authorized in section 2408 of the Code. Sep-
tember 1, 1888, Helen N. Gault filed her objections to
the final report of the administrator and her petition
for his removal.   On November 23, 1888, the same were
heard, and an entry made, that "it is ordered William
W. Sickles be, and he is hereby, removed as adminis-
trator of said estate, to which the administrator excepts;
and Helen N. Gault moves the court for an order *nunc
pro tunc*, allowing her claim herein filed as of date
August 26, 1886," which motion was sustained.   The
entry further shows that on his motion the administra-
tor was allowed to introduce additional testimony, and
on the further hearing it was ordered that he be removed,
and a new administrator was appointed.

The claim of Helen N. Gault having been approved
by the administrator, the clerk should have allowed the
same, and made record of the allowances.   It was this
record that was omitted, and was no doubt omitted
through oversight or negligence.   It was an entry to be
made without further evidence than the claim, as it was
verified and allowed at the time of filing, and was just
such an entry as the court might order, under the rule
laid down in *Goodrich v. Conrad*, 28 Iowa, 298, wherein
it is said :   Such entries "must be limited to supplying
such entries as have been omitted through oversight or
negligence."

It is said that the appellant had no notice of the
application for this *nunc pro tunc* order.   The entry in
which it was made shows that it was a part of the pro-
ceeding had at the time the appellant's removal was
ordered, and that he was present, and excepted to the
action of the court.   It is also contended that the court
had no evidence upon which to base such an order.   It
had the verified account approved by the administra-
tor, and filed in the court.   The account was one of the
files of the estate, a paper pertaining to the matter in

hearing, and of which the court might take notice without its being formally introduced in evidence. By this account the court had evidence upon which it could order the record entry of allowances.

It is argued that *nunc pro tunc* entries are only authorized when something has been done of which no record has been made. Something had been done in this case. The claimant had done all that she could, and all that was required, to entitle her to an allowance of her claim by the clerk, which he, through oversight or negligence, failed to enter. We are in no doubt as to the authority of the court to order an entry as it did. The action of the court in removing the administrator is not discussed nor complained of, and we, therefore, do not consider it.

The judgment of the district court is AFFIRMED.