JOHN MONTAGUE v. THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY *et al.*

No. 554.

NATURAL WATERCOURSE—*Unlawful Diversion—Repeal by Implication.* That portion of section 1, chapter 161, Laws of 1886, which reads: "That it shall be unlawful to divert any natural watercourse from a well-defined channel," is not, either by direct terms or by implication, repealed by chapter 204, Laws of 1891.

Error from Jefferson district court; LOUIS A. MYERS, judge. Opinion filed May 4, 1898. Reversed.

*Keeler & Hite*, for plaintiff in error.

*H. T. Phinney*, county attorney, *Wm. F. Gilluly*, and *Gephart & Schaeffer*, for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by John Montague against the board of county commissioners of Jefferson county and L. M. Tutt to enjoin the construction of a drainage ditch. At the commencement of the action a temporary injunction was granted; on the trial of the case it was vacated and a perpetual injunction denied. The trial court made special findings of fact and conclusions of law. A motion for a

new trial was filed and overruled, and the case is presented to this court for review upon the findings of fact.  The findings are as follows :

### FINDINGS OF FACT.

"1.  The proposed ditch in question herein commences in a natural watercourse having a well-defined channel, and will necessarily divert the larger part of the water which flows each year in said watercourse.

"2.  Said ditch may be constructed with a water-pipe laid under the embankment on one side of said ditch, so that, if said pipe be kept open by occasionally clearing the same, sufficient water for plaintiff's live stock will continue to flow down in said channel below and beyond the commencement of said ditch.

"3.  Said watercourse has a well-defined channel commencing more than a mile above the point of commencement of said ditch and continuing more than twenty-five rods below and beyond such point, and is fed by springs above such point, so that it furnishes a flow of water sufficient for all of plaintiff's live stock through all ordinary years.

"4.  Said natural watercourse terminates at its lower end upon the bottom land of plaintiff, and there empties into a ditch constructed by plaintiff ten or twelve years ago, which ditch extends to a railroad ditch at the boundary of plaintiff's land. The water in this ditch constructed by plaintiff occasionally overflows in times of excessive rainfall.

"5.  That portion of said natural watercourse which is below and beyond the point of commencement of the said proposed ditch is enclosed in plaintiff's corral and feed lot, and has been used by plaintiff to furnish water for his live stock for the thirty years last past.

"6.  The plaintiff's entire farm, contiguous to and including said corral and feed lot, contains about 800 acres and has springs and wells thereon sufficient to furnish water for all of his live stock, and the water from said wells and springs can be conducted into said corral and feed lot by water-pipes.

"7. It is the opinion and judgment of plaintiff and of several witnesses called by him that the construction of said proposed ditch will cause great and irreparable damage to plaintiff.

"8. It is the opinion and judgment of several witnesses called by defendant that the construction of said proposed ditch will be of great benefit to plaintiff and will not damage him.

"9. The court, upon the judgment and opinion of said witnesses, finds that the construction of said ditch will cause more damage than benefit to plaintiff.

"10. The plaintiff was present when the viewers made the view for said proposed ditch, and then suggested to said viewers that if said proposed ditch was constructed he would construct that portion of it which would be on his land if they would assess no further portion of the expense of said ditch against him ; and he then presented to said viewers his claim in writing for $1000 damages for the construction of said ditch.

"11. The said viewers found and reported that there should be allowed to plaintiff for his damages the sum. of ten dollars, and that there should be assessed against him a portion of the expense of constructing said ditch.

"12. The county commissioners of Jefferson county acted as said viewers and regularly made their report of said view in September, 1896 ; and at the next meeting of said board of county commissioners of said county thereafter, to wit, at the regular October, 1896, meeting thereof, the said board did not make an order establishing said ditch, but made and entered of record an order continuing and postponing consideration of said report until the next regular meeting of said board ; and at said next meeting, in January, 1897, said board made and entered of record another order continuing and postponing consideration of said report until. the April, 1897, meeting of said board. By reason of the expiration of the term of office of one of said commissioners and the election and qualification of another person as his successor, the defendant E. D. Bradford became and was a member of said

board on and before April 13, 1897, and was not a member of said board in 1896.

"13. The plaintiff was present before said board at its meeting in October, 1896, and in January and April, 1897, when the matter of said proposed ditch was under consideration by said board, and made no objection to any continuance or postponement thereof.

"14. On April 13, 1897, said board made and caused to be entered of record an order to establish and construct said proposed ditch, the form of which order was in exact accordance with section 10 of an act of the legislature of the state of Kansas entitled 'An act providing for the drainage of swamps, bottom or other low lands in Jefferson and Neosho counties,' approved March 6, 1891.

"15. All the proceedings in and about the matter of the said proposed ditch were had and done by said board in accordance with the provisions of said act, except as stated in the foregoing finding No. 12, and were not in accordance with the provisions of any other act.

"16. On said April 13, 1897, the said board made and entered of record its confirmation and approval of the viewers' assessment of damages mentioned in the foregoing finding of fact No. 11.

"16½. Several ditches had been located and established by the said board of county commissioners of said county of Jefferson, and assessments were made, and paid for by plaintiff, with the knowledge and consent of plaintiff, under the act of the legislature under which said ditch in question has been sought to be located, which act was approved March 6, 1891, before the proceedings were had for the location and establishment of the ditch in question. And for one of said ditches the said plaintiff, John Montague, was petitioner before defendant board of county commissioners for the location and establishment of the same, to wit: A ditch under said act; and said ditch was afterwards established and constructed thereunder and assessments therefor levied upon said plaintiff and others, which were paid; and in the construction

of such ditch a natural watercourse was diverted from its usual channel.

" 17. The amount or value in controversy herein, exclusive of costs, exceeds $100.

" 18. The facts stated in the foregoing findings of fact are all of the material facts which were proven on the trial of this action."

### CONCLUSION OF LAW.

"And the court finds, as its conclusion of law, that the plaintiff is not entitled to an injunction."

The plaintiff avers that the court erred in vacating the temporary injunction, in the taxation of costs, and in refusing to make the temporary injunction perpetual.

On April 13, 1897, the board of county commissioners made and entered of record an order establishing the ditch in question, and ordered it to be constructed. This order was made in the manner provided by section 6 of chapter 204, Laws of 1891. The proposed ditch commenced on the farm of the plaintiff, in the bed of a natural watercourse having a well-defined channel. The construction of the ditch would necessarily divert a large portion of the water from such watercourse. The construction of the ditch would damage the plaintiff.

The plaintiff contends that the board of county commissioners has no authority to establish and order the construction of a drainage ditch which would necessarily divert a natural watercourse from a well-defined channel. Such diversion of a natural watercourse is expressly prohibited by the general drainage law. Section 1, chapter 161, Laws of 1886 (Gen. Stat. 1897, ch. 146, § 16), reads: "That it shall be unlawful to divert any natural watercourse from a well-defined channel."

The proceedings to establish the drainage ditch in

question were under chapter 204, Laws of 1891, which is a special act applying to Jefferson and Neosho counties only. This special act is silent as to the diversion of natural watercourses ; there is no express repeal of any provisions of the general law. The special act differs from the general act principally in providing a different method of procedure in the establishment and construction of a drainage ditch. All statutes upon the same subject must be construed together, and must be construed, if possible, so as to make them harmonize with each other.

"If two statutes on the same subject are mutually repugnant and irreconcilable, the later act, without any repealing clause, operates, in the absence of expressed intent to the contrary, as a repeal of the earlier. But, even in such case, the old law is repealed by implication only *pro tanto* to the extent of the repugnancy ; and, generally speaking, such parts of the prior act as may be incorporated into the subsequent statute consistently therewith must be considered in force." (23 Am. & Eng. Encyc. of Law, 479.)

In *K. C. Ft. S. & G. Rld. Co. v. Tontz*, 29 Kan. 460, the supreme court says :

"There is no pretense that section 22 of chapter 110 of the General Statutes of 1868 has been expressly repealed by any statute ; and although it is claimed that the section has been repealed by implication because in conflict with later and subsequent statutes, yet no conflict has been pointed out. We suppose that it will not be claimed that a valid law can be impliedly repealed by a subsequent act unless the prior law is irreconcilably in conflict with the later enactment; for repeals by implication are never favored, and all acts of the legislature are so construed as to make them harmonize with each other, if possible to do so, and all are to be held valid, if it is possible to so hold ; but if there were really any irreconcilable conflict between section 22 of chapter 110 of the General Statutes of

1868 and some subsequent statute, then we would think that the able counsel who represent plaintiff in this case would be able to specifically point out the conflict.   They have failed to do so, however.   It is claimed that section 22 is repealed by implication by section 1 of chapter 174 of the Laws of 1872.   Now there is no conflict between these two sections so far as they authorize the levying of a township road tax.''

The special act in question does not in direct terms authorize the diversion of a natural watercourse, and if such authority exists it is by implication only. None of the provisions of the special act are in conflict with the general law on. this subject.   It seems to us that a reasonable construction of the special act is that, wherever a drainage ditch can be lawfully constructed in either of these counties without diverting a natural watercourse from a well-defined channel, it may be established and constructed in the manner therein provided.

The defendants in error contend that the plaintiff is estopped from questioning the validity of the special act and proceedings thereunder, for the reason that he participated in the proceedings and presented to the viewers his claim for $1000 damages.   We know of no authority which sustains this contention.   It has been held by our supreme court that the presentation of a claim for damages for the laying out and establishment of a highway was a waiver of notice of the time and place of the meeting of the viewers.   The case of *Reisner v. Strong*, 24 Kan. 410, is the only case which directly tends to support this contention.   There is nothing in that decision, however, tending to sustain the contention that the mere presentation of a claim for damages is a waiver of all other remedies.

The plaintiff, Montague, participated in the proceedings to establish the ditch, but he was at all times

an antagonist and not an abettor of the proceedings. It is urged that the presentation of his claim for damages was such an invitation to construct the ditch as would estop him from all further opposition. We do not concur in this view of the case. The plaintiff, Montague, as riparian owner, has a right to the uninterrupted flow of the entire stream as against any diminution thereof by the defendants, and the claim of the defendants of a right to divert a portion of its flow authorizes him to invoke the aid of equity. Upon the findings of fact, the plaintiff was entitled to a judgment for a perpetual injunction.

The judgment will be reversed, with direction to the trial court to enter decree for plaintiff for a perpetual injunction.