J. J. LOCHER, as Assignee, Appellee, v. R. LIVINGSTON et al.,
Appellant.

JUSTICES OF THE PEACE: Appeal—Re-trial—Judgment Against
1 Surety. Judgment against surety necessarily follows judgment against the appellant in the re-trial of justice of the peace cases on appeal. (Secs. 4552, 4566, Code.)

**JUDGMENT:**    Rendition—Construction of Calendar Entry—Nunc
Pro Tunc Entry. Courts possess the inherent authority to enter
judgments *nunc pro tunc,* and time will not bar its exercise.

PRINCIPLE APPLIED:   On trial of an appeal from justice
court, the calendar entry was: ''Judgment against defendant
on note and costs.   Clerk assess, including statutory attorney
fees.''  Both Sec. 4552 and Sec. 4566, Code, provide that judg-
ment in such cases shall be against the appellant *and surety.*
*Held,* calendar entry, construed in light of said sections, was a
rendition of judgment against both appellant and his surety and
omission as to surety could be corrected by *nunc pro tunc* entry,
though two terms of court had intervened.

*Appeal from Jones District Court.*—HON. W. N. TREICHLER,
Judge.

TUESDAY, JANUARY 19, 1915.

The opinion states the case.—*Affirmed.*

*E. E. Reed,* for appellant.

*Welch & Welch,* for appellee.

WEAVER, J.—Locher, or his assignor Wernimont, obtained
judgment against Livingston in justice court.   Livingston ap-
pealed to the district court and Putnam, appellant herein,
became surety on his bond.   On trial in the district court
Locher again prevailed.   The court, under date of June 6,
1912, in disposing of the case, made an entry or minute upon
its calendar as follows: ''Judgment against defendant on one
note and costs.   Clerk assess, including statutory attorneys
fee,'' no mention being made on said calendar of the appeal
bond or surety.   The clerk entered judgment in the case, nam-
ing Livingston alone as defendant, and making no mention of
said bond or surety.   At the February, 1913, term of said
court, the plaintiff filed a motion for an order correcting the
clerk's entry and for judgment against the surety on the
appeal bond.   In support of the motion it was alleged that
the failure to make such entry at the time judgment was en-

tered against Livingston occurred through the mistake or over-sight of the clerk. The surety appeared and resisted the motion on the ground that no judgment was ordered or entered against the surety at the time the principal case was disposed of, and that two terms of court had since intervened without any motion or demand for judgment on the bond, and the court was without jurisdiction or power to make the order asked for or to enter the judgment demanded. He also denied that there was any mistake or oversight on the part of the clerk. No evidence was offered or received except the papers and record entries above referred to. The court sustained the motion and ordered judgment against the surety, who appeals to this court.

The statute which provides for a bond on appeal from the judgment of a justice of the peace (Code Sec. 4552) provides that, "If the judgment is affirmed, or if on a new trial the appellee recovers, or the appeal is withdrawn or dismissed, judgment shall be rendered against the principal and surety on said bond." By Code Sec. 4566, it is further provided that, "Any judgment on appeal against the appellant shall be entered against him and his sureties, and shall recite the order of liability as principal and surety." As there can be no appeal from a justice's judgment except upon the filing of a bond, it would seem to follow from the statutory provisions above quoted that judgment against both principal and surety on such bond is made mandatory in every case where a recovery is had against appellant in the district court. Counsel for appellant concedes the authority of the court to enter a judgment *nunc pro tunc* where one was ordered or rendered by the court and the clerk has omitted to make the proper entry. *Tracy v. Beeson*, 47 Iowa 155; *Estate of Seavey*, 82 Iowa 441. The power to make such entry and to correct the entry to correspond to the fact is inherent in the court and is not lost by the mere lapse of time. *Fuller v. Stebbins*, 49 Iowa 376.

1. JUSTICE OF THE PEACE: appeal: re-trial: judg-ment against surety.

But it is contended that the right to have a judgment *nunc pro tunc* presupposes a prior order or rendition of judgment which fails to appear of record and that the mere right to a judgment which was never ordered or rendered furnished no proper basis·for a *nunc pro tunc* entry. This statement of the general rule or principle may be conceded for the purposes of the case before us, but the question remains whether the case made by the plaintiff does not come fairly within its letter and spirit. In other words, under the mandatory provision of the statute, was not the finding of the trial court that plaintiff was entitled to recover upon the note against the defendant and directing the clerk to make the proper computation and assessment, the rendition (as distinguished from entry) of a judgment on the bond and did it not become the duty of the clerk thereupon, and without other order or direction, to make the proper entry of such recovery against both principal and surety? Quite in point in principle is our decision in *Doughty v. Meek,* 105 Iowa 16. In that case a confession of ·judgment was filed· in the office of the clerk of the district court but that officer failed to make proper entry of judgment. An execution having been issued and levied upon property, injunction proceedings to restrain a sale thereunder were begun on the theory that no judgment had ever been entered. Upon trial of the equity action, the court ordered the entry of judgment on the confession *nunc pro tunc* and held that this validated the writ. In sustaining this ruling, we conceded the rule as stated by the appellant herein, but held that the statute which required the clerk to make the entry of judgment upon the plea of confession "operated in lieu of formal action by the court as a direction to the clerk to enter judgment," and that "in legal effect the rights of the parties were the same as they would have been had the court ordered the judgment to be entered." The case at bar presents even a stronger case for the plaintiff. If we look to the court's calendar, which appellant asks us to do,

2. JUDGMENT: rendition: construction of calendar entry: *nunc pro tunc* entry.

we find that the court's announcement or direction to the clerk was to enter judgment against defendant for the amount of the note in controversy.  The defendant was the appellant, and this we think under the statute above quoted is a clear equivalent of an order or direction to the clerk to enter judgment as provided by law on the appeal bond against both principal and surety therein.  We see no reason, therefore, why the omission to make the entry against the surety may not be remedied by a *nunc pro tunc* entry as was done by the court below.  The order to enter judgment against the appellant must be interpreted in the light of the statute, which provides in explicit terms that such judgment must be upon the bond and against both principal and surety.  The clerk needed no other direction as to his duty in the premises.

The appellant quotes to us the decision of other courts as holding a different doctrine but none of them, so far as we have been able to ascertain, undertake to consider the effect of statutes like our own.  To hold that an appellee in such case loses all remedy against the surety or is driven to bring another action upon the bond is to exalt form above substance and unnecessarily prolong litigation.

We find no error in the record and the judgment below is—*Affirmed.*

Deemer, C. J., Ladd, Evans, and Preston, JJ., concur.