BAIRD v. THE C., R. I. & P. R. Co.

1. **Verdict**: INCONSISTENT WITH SPECIAL FINDINGS. Where a jury
found specially facts which, under an instruction given by the court,
would entitle the defendant to a verdict, it was held that a general ver-
dict in favor of the plaintiff should have been set aside.

2. **Practice in the Supreme Court**: ENTRY OF FINAL JUDGMENT. A
final judgment will not be entered in favor of an appellant which will
prevent the appellee from raising questions upon exceptions reserved in
the court below.

*Appeal from Madison Circuit Court.*

FRIDAY, DECEMBER 10.

THE plaintiff brings this action to recover for injuries sus-
tained whilst employed as a brakeman on a freight train on
defendant's road.    The petition states the cause of action as
follows:

" That he was engaged in the act of coupling two freight
cars, such coupling being in the line of his duty, one of
which, through the neglect of defendant's employes, and
without the knowledge of plaintiff, was defective, having no
proper and suitable brake whereby it could be set stationary
on the track, and which said car, at the time of plaintiff's at-
tempt to couple it to another car, and because of the want of
said brake, was moving on the track, the track being in-
clined, endangering plaintiff's person and life, and plaintiff,
seeing this danger, immediately thereupon attempted to make
his escape, and would have succeeded in doing so, but, through
the neglect and carelessness of the employes of defendant, a
ditch had been dug across the road bed and main and side-
tracks of defendant's road at said station and left uncovered,
unknown to this plaintiff (it being in the night-time), and
plaintiff being unable to see said ditch, into which plaintiff
stumbled and was in danger of falling, and in attempting to
save himself from falling and being crushed by the cars

caught upon the draw-bar of said car, and his fingers, by the coming together of the cars, were caught and severed from his hand. That said ditch was constructed needlessly and carelessly, and negligently and wrongfully permitted to remain in an improper and dangerous condition.

"That plaintiff was injured through the improper construction and condition of said car, and of the dangerous and improper condition of said ditch, and without fault or negligence on his part."

The answer is a general denial. The cause was tried to a jury. A general verdict was returned for plaintiff for $3,500. The jury also returned the following special verdict:

"1st. Do you find that plaintiff knew that a car not braked or set upon the track without a brake was liable to move its position?

"Yes.

"2d. Do you find that plaintiff, after he knew that the detached car was approaching him from the west, remained inside the rails, and at the west end of the train, until the cars had approached close together before attempting to step out?

"Yes.

"3d. Do you find that the fact of the brake-chain lacking caused, or assisted in causing, the detached car to fail to remain stationary on the track?

"Yes.

"4th. Do you find that plaintiff, before the accident occurred, knew that this car had no brake-chain on it?

"Yes.

"5th. Do you find that the fact that the detached car was approaching from the west made the coupling that plaintiff was attempting any more dangerous than it would have been if the car had been standing still?

"Yes.

"6th. Do you find the fact that the detached car was approaching from the west made it any more dangerous for him

to remain between the train and said car than it would have been if said car had been standing still?

" Yes.

" 7th. Do you find that plaintiff remained between the cars after he discovered that the detached car was approaching from the west?

" Yes.

" 8th. Do you find that plaintiff, after he saw that the detached car was approaching from the west, walked westward along the track for any distance before he was injured?

" Yes.

" 9th. Were the cars about coming together when the plaintiff attempted to step out?

" Yes.

" 10th. Do you find that for plaintiff to be between cars, each of which was approaching the other, was unusually dangerous?

" Yes.

" 11th. Did plaintiff know or understand that there was more danger than usually accompanied his ordinary duties to be between cars, each of which was approaching the other?

" Yes.

" 12th. Do you find that the plaintiff undertook to step out from between the cars for the reason that he regarded it more than usually dangerous to remain between them because the cars were each approaching the other?

" Yes."

The defendant moved the court to render judgment against the plaintiff upon the special findings, notwithstanding the general verdict. Subject to this motion, the defendant moved the court to set aside the general verdict. Both motions were overruled, and judgment was entered upon the verdict. The defendant appeals.

*Wright, Gatch & Wright,* for the appellant.

*P. M. Sutton,* for the appellee.

DAY, J.—I. Upon request of the defendant the court gave the jury the following instruction: "If you believe

1. VERDICT: inconsistent with special findings.

from the evidence that the car spoken of in the petition and evidence had a defect in the brake, and that by reason of such defect it could not be set stationary upon the track, and in consequence thereof was liable to get in motion, and that at the time plaintiff was to make said coupling said car was, by reason of said defect, in motion and approaching the car on which plaintiff was standing, and that said approach increased the danger of said coupling, or was liable to make it more than ordinarily dan‑gerous to be between said cars when they came together, then it was plaintiff's duty, in the exercise of ordinary care, im‑mediately to take steps to avoid such danger, and if he failed to do this, and remained between said cars after discovering the car approaching him, if he did remain when he could have stepped out before reaching said alleged ditch, and be‑fore said cars came together, this would be negligence such as would defeat his recovery. And this would be true not‑withstanding you may believe from the evidence that he re‑mained between the cars with the purpose of coupling the cars."

As this instruction was given at the instance of the appel‑lant, its correctness is not brought in question by the appeal. So far as this appeal is concerned, this instruction embodies the law of the case, which it was the duty of the jury to fol‑low, and if the general verdict is not in harmony with this instruction it should have been set aside. *Caffrey v. Groome*, 10 Iowa, 548; *Savery v. Busick*, 11 Id., 487; *Farley, Nor‑ris & Co. v. Budd*, 14 Id., 289; *Petersen v. Ochs*, 40 Id., 530.

In their special verdict the jury found the following facts: Before the accident occurred the plaintiff knew that the de‑tached car had no brake on it; he knew that a car not braked, or set upon the track without a brake, was liable to move its position; the fact of the brake-chain being lacking caused, or assisted in causing, the detached car to fail to remain station‑

ary upon the track; the fact that the detached car was approaching from the west made the coupling that plaintiff was attempting more dangerous than it would have been if the car had been standing still, and made it more dangerous for plaintiff to remain between the train and said car than it would have been if said car had been standing still; it was unusually dangerous for plaintiff to be between cars, each of which was approaching the other, and the plaintiff knew that to be between cars, each of which was approaching the other, involved more danger than usually accompanied his ordinary duties; the plaintiff, after he saw that the detached car was approaching from the west, walked westward along the track for some distance, and remained inside the rails, at the west end of the train, until the cars had approached close together, before attempting to step out; the cars were about coming together when the plaintiff attempted to step out.

It thus appears that the jury found specially the existence of every fact which the court directed the jury would constitute negligence such as would defeat the plaintiff's recovery, with the exception of the single fact as to whether the plaintiff could have stepped out before reaching the ditch. There is not a particle of testimony that the plaintiff had not the physical ability to step out at any time before he came in contact with the ditch. In the absence of all proof upon that subject it must be presumed that there was no restraint upon his power of locomotion. His remaining between the cars so long as he did was purely voluntary. The special findings show the existence of facts constituting, under the above instruction, negligence on the part of the plaintiff sufficient to defeat his recovery. The general verdict could not have been reached without finding that the plaintiff was not guilty of contributory negligence of such a character as should defeat a recovery. The general verdict is, therefore, inconsistent with the special findings and the foregoing instruction, and for that reason, if for none other, it should have been set aside.

II.   As we have seen, the jury found the existence of facts constituting such negligence on the part of the plaintiff as should, under the instruction above set out, have defeated recovery.   Upon this ground the defendant moved the court below for judgment against the plaintiff notwithstanding the general verdict.   The defendant insists that such judgment should now be rendered in this court.   Section 3194 of the Code provides:   " The Supreme Court may reverse or affirm the judgment or order below, or the part of either appealed from, or may render such judgment or order as the inferior court or judge should have done, according as it may think proper."   We could not properly render final judgment for the defendant here, without determining that the instruction above set out contains a correct statement of the law.   But the correctness of that instruction is not, and cannot be, involved in this appeal.   The instruction, if erroneous, is adverse to the party who succeeded in the court below, and, therefore, does not appeal.   If we should render final judgment against him here, we would preclude all inquiry as to the correctness of the instruction. If the jury had followed this instruction and returned a verdict for the defendant, or if the court had disregarded the general verdict, and entered a judgment for the defendant upon the special findings, the plaintiff could, by his appeal, have raised the question as to the correctness of this instruction.   No judgment should be entered here which would deprive him of that right.   In what we have said we intimate no opinion as to the correctness of the instruction we have been considering, as we do not regard that question as before us.   The cause will be remanded with leave to the defendant to insist upon its motion for a new trial, or for judgment notwithstanding the general verdict, as it may be advised.

<div style="margin-left:2em;font-style:italic;">2. PRACTICE in the supreme court: entry of final judgment.</div>

<div style="text-align:right;">REVERSED.</div>