61 359
83 391
61 359
f131 629

## BAIRD v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads**: INJURY TO EMPLOYE: CONTRIBUTORY NEGLIGENCE: WHAT CONSTITUTES. The fact that plaintiff, a brakeman on defendant's railway, undertook to make a coupling of cars under circumstances more dangerous than usual, and was injured in the attempt, is not conclusive proof that he was guilty of contributory negligence. The question is whether an ordinarily prudent person would, under all the circumstances of the case, have made the attempt.

2. **Practice**: MOTION FOR JUDGMENT ON SPECIAL VERDICT: COURT NOT BOUND BY INSTRUCTIONS. When a motion is made for judgment upon a special verdict, notwithstanding a general verdict to the contrary, the court is free to consider, and should consider, what the law is, and is not bound by its instructions previously given to the jury; and to grant such motion is error, when it can be sustained only by the erroneous view of the law expressed in the instructions of the court; and that, too, notwithstanding the adverse party has not excepted to the erroneous instructions.

3. **Practice in Supreme Court**: APPEAL FROM JUDGMENT ON SPECIAL VERDICT. On an appeal to this court from a judgment rendered upon a special finding of facts, notwithstanding a general verdict to the contrary, although the record does not show the grounds assigned in the court below for such judgment, yet, where no good reason for such judgment is suggested by appellee's counsel, and none occurs to the court, and it appears that there can be none, it must be considered that the court below erred.

4. ———: PRESUMPTION IN FAVOR OF ABSTRACT. When the abstract purports to contain a copy of a paper which is a part of the record, it is not necessary for the abstract to state that what it sets out is the whole of the paper. In the absence of any showing to the contrary, this will be presumed.

AFFIRMED ON REHEARING.

*Appeal from Madison Circuit Court.*

THURSDAY, JUNE 14.

ACTION FOR A PERSONAL INJURY. The case is now before us upon a second appeal. There has been one trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appealed to this court, and the judgment was reversed. 55 Iowa, 121. It appeared that a special verdict

was rendered, and that the special verdict was such that the jury should, *under an instruction given*, have found a general verdict for the defendant. The case was remanded, with leave to the defendant to insist upon his motion for a new trial, or for judgment notwithstanding the general verdict, as it might be advised. The defendant moved for judgment notwithstanding the general verdict, and the court sustained the motion. The plaintiff now appeals.

*Sutton & Childs*, and *A. W. Wilkinson*, for appellant.

*Wright, Cummins & Wright*, for appellee.

ADAMS, J.—The defendant insists that the special verdict shows that the plaintiff was necessarily guilty of contributory negligence, and that, even if it does not, we must treat it as if it did so show, on account of a certain instruction given by the court. We have, then, first, to inquire as to what the special verdict shows. It is set out in full in 55 Iowa, 121. It was in substance as follows: The plaintiff, as brakeman, was about to couple a moving train to a moving car. The train was moving westward, and the car eastward, the car having a defective brake, which was the cause of its not remaining stationary. The plaintiff discovered that the car was approaching from the west, and, although it was more than usually dangerous to undertake to couple cars which were approaching each other in that way, and although he knew that to be the fact, he did not attempt to step out at first from between the rails where he had placed himself, but walked westward between the rails, and attempted to step out only when the cars were about to come together. We should state, in this connection, that the undisputed evidence shows that the accident occurred in the night, that the plaintiff, in attempting to step out, stepped into a ditch and stumbled, that as he did so he threw one hand upon the draw bar, and while his hand was in that place the cars came together and crushed his fingers, and the injury thus received is the injury complained of.

1. RAIL-
ROADS: in-
jury to em-
ploye: con-
tributory
negligence:
what consti-
tutes.

The defendant's position is that the plaintiff was necessarily guilty of contributory negligence, because he did not step out immediately upon discovering that the car to which he desired to couple was coming toward him. But it does not appear from the verdict at what speed the cars were approaching each other. It is abundantly evident that there is a rate of speed at which the cars might have approached each other and been coupled with entire safety. It is true that the jury in this case found that there was more than usual danger, by reason of the fact that the car to which plaintiff was to couple was not stationary. But their finding must mean, we think, that it was more dangerous than it would have been if the car to which he was to couple had been in the usual condition of a car to which a coupling is made, and that is, stationary. The mere fact alone that the car was in motion, regardless of the speed with which it was moving, would not necessarily make the coupling more dangerous than an ordinary one. But if it should be conceded that the jury meant that the coupling in this case, in view of all the circumstances shown, was more dangerous than an ordinary one, it would not necessarily follow that the plaintiff was guilty of contributory negilgence. Nearly all employment in making up and running railroad trains is more or less hazardous. Some duties appear to involve a very large hazard, and others a very small one. In performing a duty which necessarily involves a large hazard, the employe should of course exercise greater care. But we cannot say that the employe might not under some circumstances be justified in taking more than the ordinary risk. The rule contended for would not be found to be a practical one. Risks differ according to circumstances; and the circumstances are sometimes very complicated, and not always to be apprehended and estimated in a moment by the employe while intent upon the performance of his duty. The ordinary rule is that the employe should exercise such care as a prudent person might reasonably be expected to exercise in view of all the circumstances of the particular case,

so far as they are known to him, or are discoverable in the exercise of proper diligence. Now, while this rule gives considerable latitude to the jury, it is not easy, we think, without error, to depart from it much, ordinarily, for the purpose of giving one which is narrower and more specifically applicable to the given case.

Let us see what the difficulty in the case at bar is. The train was backing westward to be coupled to a moving car, which, by reason of a defective break and an inclination in the track, or force of the wind, had not remained stationary, as it should have done, but was moving eastward. The plaintiff was walking westward between the rails, just in advance of the train backing westward, and close by the drawbar, intending to raise the link so as to effect a coupling when the cars should come together. But seeing that the car to which he was to couple was moving toward him, he concluded not to remain until the cars came together, and attempted to step out. He might and, as the circumstances were, he should have come to this conclusion sooner, and put it immediately into execution. Had he done so, he would manifestly have succeeded. But just ahead of him was a ditch which was liable to cause him to stumble, and which did cause him to stumble. Had he seen it, or had he known that there was a ditch there, there would be much ground for contending that he was guilty of contributory negligence. But it does not appear that he saw the ditch, or knew that it was there. He was not bound to assume that there was a ditch there, nor are we quite prepared to say that he was justified in assuming absolutely that there was no ditch there, nor obstacle of any kind. There was liable to be an obstacle. If the cars were approaching with considerable rapidity, and he waited until the last moment, in reliance upon the assumption that the ground was smooth and free from obstacles, he was, perhaps, guilty of contributory negligence. But the facts found do not necessarily show that he was, and that, too, if we should conclude that the jury meant that it was more

than an ordinarily dangerous coupling to make, even in view of what little he knew, or should have assumed, in regard to the liability of the ground being obstructed. The question is, would a prudent person under the circumstances shown have remained so long between the cars? This question calls for a very careful consideration of the circumstances, and especially the rate of speed at which the cars were approaching each other, the length of time he remained after he discovered that the car to which he was to couple was approaching, how far he was from that car when he attempted to step out, and what reason he had for supposing that the ground might not be free from obstructions.

Having reached the conclusion that the special verdict did not necessarily show that the plaintiff was guilty of contributory negligence, we come to the question as to whether the court erred in rendering judgment for the defendant upon the theory that the special verdict did show contributory negligence. The defendant insists that we should treat it as showing such negligence, even though in fact it does not. This position is based upon the theory that the special verdict would show such negligence if a certain instruction given by the court below were correct, and that the court below, in ruling upon the motion for judgment, was bound to take the instruction as correct, however erroneous it might be. The question presented, then, is as to whether, when a court is called to rule upon a motion for judgment upon a special verdict, the court has to consider whether the party moving is entitled to judgment upon the verdict under the law as it is, or as it would be if it were as the court instructed the jury that it is. In our opinion, when a court is called to rule upon a motion for judgment on a special verdict, it is free to consider, and should consider, what the law is, and is not bound by its instructions previously given to the jury. It is true, a jury must take instructions as the law, whether right or wrong, for otherwise it would be allowable for juries to regard all

*2. PRACTICE: motion for judgment on special verdict: court not bound by instructions.*

instructions as mere advice. But the court does not instruct itself, and does not bind itself. Possibly the defendant might concede that in some sense this is true, but it contends, if we understand its position, that the plaintiff, if he deemed the instruction wrong, should not only have excepted to it, but should have moved for a new trial; and, if that was denied, should have appealed from the ruling, notwithstanding the judgment was in his favor. But, in our opinion, he had a right to rely upon his judgment until it was reversed upon the defendant's appeal. He was not bound, we think, to incur the expense of an appeal in mere anticipation of a possible reversal, and to see to it that all the errors made against him should be corrected, lest, in case of a reversal, they should stand in his pathway in the further progress of the case. But it is said that he should at least have excepted to the instruction, and that, while he pretended to reserve an exception, he did not do it in a way which the court can recognize. As to whether the exception was properly taken, we do not determine. In our opinion, no exception was necessary. The object of an exception to an instruction is to lay the foundation for an appeal, but, as we have seen, the plaintiff was in no condition to appeal from the erroneous ruling made in giving the instruction. He could not appeal until the case had been reversed upon the defendant's appeal, and remanded, and another ruling made of which the plaintiff could complain. He now assigns as error, and we think it the only error properly assignable, that the court erred in rendering judgment for the defendant upon the special verdict. In passing upon the motion for judgment, the correctness of the instruction *as such* was not drawn in issue. The question was as to whether the defendant was entitled to judgment under the special verdict *and the law*. The defendant cannot properly complain by saying that, if the instruction had been excepted to, perhaps it would not have been given. If it had not been given, the general verdict would have stood, and that was against the defendant. A reversal was granted, not so much because, in view of the whole

case, the just protection of the defendant seemed to demand it, as because the proper conduct of a jury trial demanded it. We think that it is quite enough for the defendant that he has secured a reversal and the right to another trial. But the defendant insists that the abstract does not contain enough to justify us in reviewing the question presented.

The motion for judgment, which the court sustained, is set out in the abstract in these words: "Comes now defend-

**3. PRACTICE in supreme court: motion for judgment on special verdict.** ant and renews his amended and substituted motion for judgment on the special findings of fact by the jury, filed herein November 15, 1879, and hereby referring to and making the same a part hereof, and now moves for judgment notwithstanding the verdict, upon the grounds and for the causes set forth in the said amended and substituted motion." No copy of a motion is set out as filed November 15, 1879. It is insisted, therefore, that, as we are not permitted to see the grounds and causes assigned, we cannot say that the court erred, without holding that no possible grounds and causes could be assigned which would be tenable.

Undoubtedly, in a case of this kind, we should be obliged to sustain the ruling of the court, if any good reason could be suggested or should occur to us for sustaining it. If it was necessary in the court below to assign reasons for sustaining the motion, and those reasons are not contained in the abstract, and any good reason could be assigned, we would presume it was assigned, and sustain the ruling. But where no good reason for sustaining the motion is suggested by defendant's counsel, and none occurs to us, and it appears to us that there can be none, we are justified in saying that we think the court erred.

The defendant insists that the abstract does not show affirmatively that it contains all the special findings. But we

**4. ——: presumption in favor of abstract.** think that it does so show with reasonable certainty. The abstract states that the court directed the jury, if they found a special verdict, to answer certain special questions. It then proceeds to state that "these

will be found with the answers annexed in connection with the general verdict." Then follows what purports to be a copy of the general verdict and the special questions and answers. In the absence of any showing to the contrary, we think that we are justified in assuming that we have all the special findings. They constitute a part of the record. When the abstract purports to contain a copy of a paper which is a part of the record, it is not necessary for the abstract to state that what it sets out as the paper is the whole paper. If we should treat abstracts with the strictness contended for, not one in a hundred would be found sufficient. We think that the question presented is reviewable, and we have to say that we think that the court erred in sustaining the motion.

REVERSED.

SUPPLEMENTAL OPINION.

IN a petition for rehearing, it is contended by the defendant that the opinion is inconsistent with that filed upon a former appeal, and reported in 55 Iowa, 121. The defendant quotes from that opinion the following words: "The special findings show the existence of facts constituting, under the above instruction, negligence on the part of the plaintiff sufficient to defeat the recovery    *    *·    *    *. The general verdict is, therefore, inconsistent with the special findings and the foregoing instruction, and for that reason, if for no other, it should have been set aside." The defendant asks how the court can now hold that the court below "erred in rendering judgment for the defendant, upon the theory that the verdict did show contributory negligence?" The defendant's difficulty arises from a misunderstanding of the former opinion. We did not say in that opinion that the special findings under the *law* showed contributory negligence, but merely that they showed it under the *instruction.* Mr. Justice DAY, who wrote the opinion, took pains to guard it against misconstruction. He used these words: "In what we have said we intimate no opinion as to the correctness of

the instruction which we have been considering." By this he virtually said: We intimate no opinion as to whether what the court below said would constitute contributory negligence would in fact constitute such negligence. We are now charged with making a ruling upon that hearing which we expressly avoided. It is true, Mr. Justice DAY said: "The general verdict is, therefore, inconsistent with the special findings and the foregoing instruction." But it is plain to be seen, that he did not mean that the general verdict was inconsistent with each, separately and independently considered, but *taken together*.

The defendant insists that we do not even now say that the instruction is erroneous.

We were not called upon to rule directly upon the correctness of the instruction, but only indirectly. We said, in substance, that the special findings did not necessarily show contributory negligence. The court below said, in substance, that such findings, if made, would necessarily show contributory negligence. It results that, in our opinion, the instruction was erroneous.

It only remains to be considered as to whether the plaintiff was bound by it, notwithstanding it was erroneous. The defendant insists that he was. Its position is that the plaintiff should have excepted and appealed. We have the doctrine announced that a successful party in a jury trial is concluded by an erroneous instruction not excepted to by him, and not appealed from, and must not only lose his verdict and judgment, but have final judgment rendered against him, if the erroneous instruction would lead to such a result. We think that the announcement of such a rule would not only surprise the profession, but would introduce a practice which would be intolerably burdensome. The successful party would not necessarily know until the last moment whether an appeal was to be taken by the other party, nor would he know, until there was a decision against him, that there was to be a reversal. To be safe, he should always assume that the other party

would appeal, and always assume that there would be a re-versal, and govern himself accordingly. In our opinion, who-ever has obtained the verdict of a jury is entitled to hold that verdict, or to demand that another shall be rendered for or against him. A mistrial is equivalent to no trial. Of course, where the special findings. *under the law* lead to a decisive result, they constitute the real verdict, whichever way the general verdict may be.

But it is said that our ruling is inconsistent with *Roberts v. Corbin*, 28 Iowa, 355. The defendant's counsel have quoted largely from the opinion in that case, and set out the language as against the language used in 'the opinion now in question. But between that case and this is a radical differ-ence. In that case there was a trial to the court and a finding of facts. The court said: "It is as though there was a special verdict of the jury; and the single question was whether upon these facts (not controverted nor doubted) the law was for the plaintiff or defendant." The findings in that case were com-plete and decisive, so far as the facts were concerned. In the case at bar, the special findings, under our view of the law, were incomplete, and determined nothing. The only real ver-dict was the general verdict, and when that was set aside by reason of what may be called misconduct of the jury, the facts were left undetermined. To make the two cases parallel, the special findings in the case at bar should have been complete and decisive, so as to call for judgment thereon. Under the view which the court below took of the law, they were of that character, but under our view they were not. He thought that they necessarily showed contributory negligence; and we thought that they did not. Under our view, there must be another trial, and the petition for a rehearing must be

Overruled.