CHRISTIAN K. OGG, PLAINTIFF IN ERROR, v. JOHN W. SHEHAN, DEFENDANT IN ERROR.

1.  **Verdict:** SPECIAL FINDINGS. Where, upon the trial of a cause to a jury, special findings are returned by the jury which are inconsistent with the general verdict, the special findings must control the general verdict, and the court should render judgment accordingly.

2.  **Forcible Detention:** LEASE NOT EXPIRED. In an action for the forcible detention of real property by a lessee who is charged with holding over after the expiration of his term, if upon trial it is ascertained that the term for which the real estate was leased has not yet expired, the cause should be dismissed at the costs of the plaintiff in the action.

3.  **Verdict:** SPECIAL FINDINGS: JUDGMENT. Where special findings are submitted to a jury by a justice of the peace upon the request of a plaintiff over the objections of a defendant, and the findings of the jury are against such plaintiff and in favor of the defendant, and are inconsistent with the general verdict, which is in favor of the plaintiff, the justice should render judgment in accordance with the facts found by the special verdict.

ERROR to the district court for Clay county.   Tried below before MORRIS, J.

*Dilworth & Smith* and *John D. Hayes,* for plaintiff in error.

*Hurd & Matters,* for defendant in error.

REESE, J.

The defendant in error commenced an action before a justice of the peace against plaintiff in error for the forcible detention of certain real property which he had previously leased to plaintiff in error. The cause was tried to a jury, resulting in a verdict finding the plaintiff in error guilty as charged in the complaint. The record also shows that the justice, at the request of defendant in error,

and over the objection of plaintiff in error, submitted a special finding to the jury, in answer to which they returned a special verdict, as follows: "We, the jury duly impaneled and sworn, do find and say that we find the lease of defendant Ogg expired on the 28th day of February, 1883." The trial was had and the verdict returned on the 24th day of February, 1883. Plaintiff in error then filed a motion to set aside the general verdict and for judgment in his favor on the special finding of the jury and that the action be then dismissed. This motion was overruled and judgment was rendered in favor of defendant in error on the general verdict of the jury. Plaintiff in error then removed the cause into the district court by proceedings in error. Upon a hearing in that court the judgment of the justice was affirmed. He now brings the cause to this court, assigning for error the decision of the district court.

It is disclosed by the record made by the justice that the contention at the trial was as to the date of the expiration of the lease under which plaintiff in error held the land. If his lease had not yet expired the detention was not wrongful. The special verdict of the jury—returned at the instance of defendant in error—found that the lease had not expired and would not until four days after the trial. The evidence is not before us. The verdict of the jury must be treated as correct, and it must be presumed that it was sustained by sufficient evidence. It is provided by section 294 of the civil code that, "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." This is also sustained by reason and well established by the decisions of courts. See *Tobie v. Brown Co.*, 20 Kan., 14. *McDermott v. Higby*, 23 Cal., 489. *Baird v. C., R. I. & P. R. R. Co.*, 55 Iowa, 121.

The question as to whether or not it is competent for a justice of the peace to submit special findings to a jury on

a trial in his court is not before us in this case. The special finding was submitted upon the request of defendant in error over the objection of plaintiff in error, and defendant in error is bound by it.

It follows that the district court erred in affirming the judgment of the justice of the peace, and that the justice of the peace erred in not dismissing the action and rendering judgment in favor of plaintiff in error for costs.

The decision of the district court is reversed, and the judgment of the justice of the peace is also reversed and the cause dismissed.

REVERSED AND DISMISSED.

THE other judges concur.